JAMES P. DILLON, Guardian, App't., *vs.* MARTIN O'NEAL *et al.*

PROVIDENCE—MARCH 21, 1904.

PRESENT:  Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *New Trials.  "Accident and Mistake."*

An appeal from the municipal court was tried in the Common Pleas Division. Exceptions were taken to rulings of the court and all steps taken for a petition for a new trial, as required by Gen. Laws cap. 251, § 6, except filing the petition within fifteen days after filing of the statement of evidence:—

*Held,* that, as petitioner showed no reason why the petition could not have been filed in time, he was not within the provisions of section 2 of said chapter 251, providing for a new trial "by reason of accident, mistake, or unforeseen cause." *Thurston* v. *Schroeder,* 6 R. I. 272, explained.

APPEAL from Probate Court.   Heard on petition of appellant for new trial, and denied.

STINESS, C. J.   An appeal from the Municipal Court of Providence was tried in the Common Pleas Division of this court with a jury.   Exceptions were taken to rulings of the

court and all the steps for a petition for a new trial were taken, as required by. Gen. Laws cap. 251, § 6, except the filing of the petition within fifteen days after the filing of the statement of evidence.

The respondents claim that the petitioner has lost his right to ask for a new trial, because of non-compliance with the statute; and the petitioner claims that, even though he did not comply with the requirements of section 6, he is entitled to petition for a new trial under sections 2 and 3 of the chapter.

(1)    Section 2 provides for a trial or new trial in cases when, by reason of accident, mistake, etc., there has been a nonsuit or default, or the party has not had a full, fair, and impartial trial; or, in case that a trial has been had in such case, a new trial therein should be had.

We think it is quite clear that the words "by reason of accident, mistake, or any unforeseen cause," qualify the remainder of the section. Thus, for example, if a suit has been discontinued by mistake; or accident or sickness, or other unforeseen cause has prevented a party or his witness from reaching court, so that a nonsuit or default has followed; or where there has been a trial it has not been a full, fair, and impartial trial—by reason of some one of the causes named, a trial or new trial may be granted. The section is evidently intended to apply only to cases of misfortune which the ordinary remedy by a petition for a new trial, on exceptions or on the record, would not reach.

The petitioner relies on *Thurston* v. *Schroeder*, 6 R. I. 272, as an authority showing that a petition for a new trial on a question of law may be sustained under section 2, irrespective of any consideration of accident or mistake.

That case does, indeed, so declare, but we think that while the decision was right there was an evident mistake as to the section on which it was based. Rev. Stat. cap. 193, § 3, gave the court full jurisdiction to grant new trials on common-law grounds, which would include erroneous rulings. In that case the ruling complained of was a nonsuit. The court clearly had jurisdiction to grant a new trial, because the statute gave that jurisdiction concurrently with another statute for taking

questions of law to the Supreme Court, on the filing of a bond, etc. In the present statutes, however, the unrestricted jurisdiction as to petitions for new trials on common-law grounds no longer appears, but petitions on those grounds are specially provided for in all the steps to be taken and followed, and the statute also provides that "in case of any default in any step, judgment shall be entered as if such claim had never been made." These definite restrictions clearly show an intent to facilitate a rehearing on grounds arising in the trial, and to discriminate between them and accidental causes, which properly require some greater allowance of time. These provisions limit the time for petitions for new trials, with great care, except in cases of accident or unforeseen cause, and this has been the understanding of their purpose and operation since they first appeared in the judiciary act of 1893. The statute was thus construed in *Bristow* v. *Nichols*, 19 R. I. 719. *Martin* v. *Hutchens*, 21 R. I. 258, was to the same effect. A defendant had taken the steps required by law for a new trial, except the filing of the petition, but he died before the time for filing it had passed. It was held that the administrator could not proceed under section 6, but that judgment must be rendered in the Common Pleas Division; then as that judgment was entered by reason of unforeseen cause, which prevented the completion of the steps to stay judgment, a petition could be filed under section 2. In this way all rights are preserved, except where a party has been negligent. In this case the petitioner shows no reason why his petition could not have been filed in time, as required by statute, and so he shows no reason for a new trial on the ground of accident or mistake, by which the term "a full, fair, and impartial trial," etc., are limited.

Petition for new trial denied.

*John I. Devlin and Frank H. Wildes*, for appellant.

*Thomas A. Jenckes*, for appellees.