ERNEST A. RING *vs.* OLYMPE Y. RING.

APRIL 2, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is a petition brought pursuant to the provisions of G. L. 1956, §9-21-6, wherein the petitioner seeks leave to claim out of time an appeal from a final decree of the family court entered on May 3, 1963.

It appears that respondent in the instant proceeding had been granted a divorce from petitioner herein by a final decree entered on February 19, 1952 wherein the instant respondent had been awarded alimony in the amount of $30 weekly. On September 13, 1962 petitioner filed a motion

in the family court to modify the final decree so entered with respect to the terms thereof awarding alimony. This motion was heard by a justice of the family court on October 19, 1962, who thereafter, on April 5, 1963, gave decision thereon adverse to petitioner. The petitioner on May 3, 1963 through counsel prepared a form of decree on that decision and submitted it to the trial justice for entry, alleging that this was done in order to enable him to claim an appeal from that decree pursuant to the statute.

The record discloses that the trial justice entered that decree on May 3, 1963, the day on which it was submitted to him, but gave no notice of this action to petitioner. The petitioner alleges that he first became aware of the entry of the decree on June 24, 1963 when the period within which an appeal therefrom could be taken had expired. Alleging to be aggrieved by the entry of the decree, petitioner is now seeking relief under §9-21-6 which provides that when any person is aggrieved by a decree of the superior court "and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, * * * the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one (1) year after the entry of such order, * * * allow an appeal to be taken and prosecuted * * *."

To invoke successfully the statutory authority conferred upon this court, a petitioner has the burden of establishing facts sufficient to constitute accident, mistake, or unforeseen cause. *Balemian* v. *Adeian,* 80 R. I. 16. These grounds for the relief prescribed by the statute have been held to be conditions precedent to an exercise of the authority by this court. *Bolster* v. *Bolster,* 35 R. I. 367. The existence of such a condition precedent is essential to an exercise of the authority as is compliance with the time limitations invoking the authority established by the legislature. *Cataldo* v. *Pono,* 89 R. I. 240. Further, it is settled that this relief cannot be made available to one who lost his appeal

by reason of mistake of law or by an act of negligence or dereliction on his own part. *Podrat* v. *Frank,* 76 R. I. 19.

Nevertheless, the statute contemplates liberality of application in determining when a factual situation constitutes accident, mistake, or unforeseen cause, it being abundantly clear that the legislature, in conferring such authority on this court, intended to make that relief available to those who had lost an appeal without fault on their own part. In *Petition of deBrabant* 96 R. I. 61, 188 A.2d 901, we considered the effect of the provisions of §9-21-4 which confer upon this court a similar power to grant a trial *where none had been had* and a judgment had been entered by default by reason of accident, mistake, or unforeseen cause. At page 903 we said: "The purpose of the statute is to give the defendants who have been deprived of their day in court without any dereliction or omission on their part an opportunity to have a trial on the merits. The legislature did not intend to give such a trial to a defendant who by his own neglect or omission created a situation in which a default judgment could properly be entered." We reaffirm now our view that such was the purpose of the legislation vesting this court with authority to grant the relief contemplated in this type statute without undue restriction thereon by strict ascertainment of the existence of the grounds therefor.

This is not to say, however, that the relief may be had without a showing of one of the grounds set out in the statute therefor, however liberally the existence of such grounds is ascertained. In *MacNeil* v. *Morgan,* 73 R. I. 165, we took the same view concerning the statute that is now invoked by petitioner. At page 169 we said: "* * * this court will not assist one who slumbers on his rights without just cause, especially if during such inaction anything has occurred to alter the status of the parties interested or to place an opposing party at a disadvantage through loss of evidence or other cause. But the statute is remedial and

should be construed liberally. It vests in this court *discretion* to determine, from all the special facts and circumstances in the case, whether 'justice requires' that a petitioner be given an opportunity to have a hearing of the case on the merits. * * * Each case must therefore be determined in the light of its own facts." It is upon this latter concept of the nature of the authority granted this court by the statute that petitioner rests the instant petition. He argues that if the statute be construed liberally and in the light of the peculiar facts surrounding the failure to claim an appeal in time, the relief contemplated in the statute should be granted to him.

The factual basis upon which petitioner seeks relief is not in dispute. It appears that when the trial justice rendered a decision adverse to petitioner, he decided to prosecute an appeal therefrom to this court. Although he was not the prevailing party, he, in order to facilitate the taking of such an appeal, caused his counsel to prepare a form of decree to be presented to the trial justice for entry. When it was presented to the court, the trial justice informed petitioner that if after an examination of the decree he was satisfied that it was consistent with his decision, he would enter it as requested. The petitioner expressly disclaims any intention to charge the trial justice with a misrepresentation of his intention in this respect. Rather, he contends that, having been informed by the trial justice that the decree would be held for such an examination before being entered, he was warranted in assuming that if it were found satisfactory by the trial justice he would be informed of its entry. It is not disputed that on May 3 the trial justice entered the decree without giving notice in any form to petitioner of this action.

There is available no transcript that contains a record of the discussion by petitioner and the court on May 3 when the proposed decree was presented for entry. There is available a transcript of a hearing held on July 22, 1963 on peti-

tioner's motion in the family court to vacate the entry of the decree on May 3. An examination thereof discloses only the recollection of the court and of petitioner as to what transpired on May 3. The petitioner stated therein by way of such recollection: "You did enter it, that's the very point your Honor, and if you recall, I suggested and felt as far as I was concerned you could take as long as a month or more and I felt . . . left chambers and never heard anything else about the entry of this decree, and I had assumed the decree was still being held under advisement by your Honor." To this statement the court responded, saying: "I would like to observe the only reason that I held the decree was to give me a chance to read my own decision and see if the decree is in accordance with my decision."

As we understand him, petitioner is contending that the entry of the decree by the trial justice without notice to him constitutes unforeseen cause within the meaning of the statute. This is to argue, in effect, that he cannot be charged with the obligation of reasonably foreseeing that the decree might be entered without being given notice thereof. With this we cannot agree. Nothing in the record suggests that the trial justice conditioned entry of the decree on any further discussion thereof but rather that he expressly conditioned its entry upon ascertaining its consistency with his decision. We cannot escape concluding that petitioner, having prepared the decree, must have been aware that it did conform to the decision of the trial justice and that in such circumstances it would probably be entered without any further discussion after examination by the trial justice. In short, we are of the opinion that petitioner was thus charged with reasonably anticipating that the decree as prepared would probably be entered by the trial justice without any further comment or delay.

We have reached this conclusion persuaded that it is consistent with our policy of giving a liberal construction to the meaning of the term "unforeseen cause" as used in

the instant statute. The petitioner here is seeking relief in the form of an appellate procedure and has had a trial on the merits. To this extent this case differs essentially from cases brought under §9-21-4, to which reference has been made above, for under that statute relief is available, upon a proper showing, to petitioners who have not had a day in court.

The petition is denied and dismissed.

*Joseph Mainelli*, for petitioner.

*Charles A. Curran, Harold I. Kessler*, for respondent.

