Katherine M. KELLEY et al.

v.

Donald JEPSON, Administrator of the
Estate of Brandt H. Jepson.

No. 2001–321–Appeal.

Supreme Court of Rhode Island.

Dec. 9, 2002.

Robert J. Ameen, Pawtucket, for Plaintiff.

Ronald W. DelSesto, Thomas W. Pearlman, Providence; Christopher M. Mulhearn, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Katherine M. Kelley (Kelley), has appealed the Superior Court's dismissal of an appeal of a Providence Probate Court decision. The Superior Court found that Kelley and Thomas W. Pearlman, Esq. (Pearlman)[1] failed to file certified copies of the record or a transcript of the probate proceedings within thirty days of the probate decree, thereby failing to timely perfect their appeal. Kelley raised two issues on appeal to this Court: whether the decision signed by the Providence probate judge on April 4, 2000, was a valid decree for purposes of triggering the statutory deadline for an appeal, and, if it was, whether the hearing justice nonetheless erred in concluding that it was

not within the Superior Court's authority to allow Kelley and Pearlman additional time to file the probate documents.

We heard this case on October 31, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time.

This case arose from the probate of a will executed by Brandt H. Jepson (Brandt).[2] After Brandt's death on May 14, 1998, Kelley and Pearlman filed a petition in Providence Probate Court to probate his will, wherein they were named as co-executors. Brandt's father, Herbert Jepson (Herbert), filed an objection and petitioned the court to appoint defendant, Donald Jepson (Donald), as administrator of Brandt's estate. Following hearings in the Probate Court, the probate judge issued a seventeen-page decision on April 4, 2000, in which he "disallowed the will on the grounds of incompetence," granted Herbert's petition for administration, and appointed Donald as administrator. The last full sentence of the decision read: "Counsel will prepare an appropriate order." The decision was mailed to and received by Kelley and Pearlman. Additional facts will be presented in discussing the issues on appeal.

Kelley and Pearlman filed a claim of appeal of the decision and a request for a certified copy of the "claim and record of the proceedings appealed from" with the

1. Kelley and Pearlman were plaintiffs in the original Probate Court proceeding, and both appealed the Probate Court decision to the Superior Court. Only Kelley, however, has appealed to this Court.

2. As often occurs in probate cases such as the one at bar, more than one person shares the same last name. For convenience, we shall refer to the Jepsons by their first names, and in so doing intend no disrespect.

Probate Court on April 24, 2000. They next filed reasons of appeal with the Superior Court on May 2, 2000. Kelley and Pearlman filed the Probate Court record on May 18 and 19, 2000, but not the transcript. On May 22, 2000, defendant moved to dismiss the appeal, because of Kelley and Pearlman's failure to provide the record within the thirty-day deadline imposed by G.L.1956 § 33–23–1. The hearing justice granted defendant's motion, and Kelley appealed to this Court.

■ This Court reviews *de novo* questions of law and statutory interpretation, including the question of whether a statute of limitations has run against a plaintiff's claim. *Heflin v. Koszela*, 774 A.2d 25, 31 (R.I.2001).

■ The first issue before us is whether an appealable decree was ever issued by the Probate Court. Kelley contended that the April 4, 2000 decision was not a "written order or decree" as required by G.L. 1956 § 33–22–31 and § 33–23–1, and thus, because an appealable decree was never issued, Kelley and Pearlman's appeal should be dismissed without prejudice. Section 33–22–31(a) states that:

"Every decision of a probate court shall be reduced to a written order or decree, promptly executed by the probate judge, entered and filed in a timely fashion by the probate clerk. No party can rely upon any action, inaction or instructions of the probate court nor take an appeal from any decision of the probate court that has not been reduced to a written

order or decree duly executed by the probate judge."

Section 33–22–31(b) directs that "[i]f a form of order or decree is not available for execution by the probate judge at the time of hearing, the court shall require the prevailing party to submit a proposed form of order or decree by regular mail to all parties who have entered an appearance in the matter."

In the final full sentence of the April 4, 2000 decision, the probate judge wrote: "Counsel will prepare an appropriate order." This sentence directing *counsel* to prepare an order appears to reference § 33–22–31(b). Defense counsel, however, never prepared such an order. Despite directing counsel to prepare the order, the probate judge himself drafted and signed two additional documents dated April 4, 2000, one labeled "Decree," which disallowed the will, and the second labeled "Administration," which appointed Donald as administrator and appraiser of Brandt's estate. These documents were never mailed to Kelley or Pearlman.

Any confusion caused by this chain of events, however, has no bearing on the time within which Kelley and Pearlman were required to perfect their appeal. The probate judge's decision on its face satisfied the requirements of a decree that would trigger the procedural requirements of § 33–23–1.[3]

This Court previously has held that a probate decision similar to the one issued here did constitute a decree for the purposes of § 33–23–1. *In re Oliveira*, 765

---

3. The relevant subsections of G.L.1956 § 33–23–1(a) provide:

"(1) Within twenty (20) days after execution of the order or decree by the probate judge, the appellant shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the

record of the proceedings appealed from * * *.

"(2) Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated * * *."

A.2d 840, 842 (R.I.2001) (per curiam). Kelley attempted to distinguish *Oliveira* because § 33–22–31 was enacted in 1996, whereas the *Oliveira* Court dealt with a 1992 probate decision and consequently did not address the new statute. Specifically, Kelley pointed to § 33–22–31(b), which directs a probate judge to require the prevailing party to submit a proposed form of order or decree to all other parties "[i]f a form of order or decree is not available for execution by the probate judge at the time of hearing." But here, such forms were available to the probate judge; indeed, he filled them out, although the court never sent them to Kelley and Pearlman. Thus, § 33–22–31(b) is not applicable to this case.

Further, we see no reason to conclude that § 33–22–31(a) should affect our *Oliveira* analysis of what constitutes a proper "order or decree." Section 33–22–31(a) provides no guidance on that issue other than directing that an order or a decree must be "written." Here, the probate judge drew clear and final legal conclusions in his decision. Indeed, he labeled a substantial section of his decision "Findings Of Fact and Conclusions of Law." Toward the end of that section, after explaining all the factors that contributed to his decision, he "disallowed the will on the grounds of incompetence." He then wrote: "The court will grant the Petition for Administration and appoint Donald Jepson as Administrator and Appraiser * * *." Finally, the justice signed and dated the line labeled "ENTER," and a deputy clerk signed the line labeled "BY ORDER." This written, signed decision clearly "settled the respective rights and claims of the * * * contestants challenging the probating of [decedent's] will and it terminated litigation of the will contest in the [Providence] Probate Court," and therefore the decision satisfied the requirements of a decree. *Oliveira,* 765 A.2d at 842.

■ Because we are of the opinion that the April 4, 2000 decision was a decree for purposes of § 33–23–1, we hold that April 4, 2000, triggered the thirty-day period within which plaintiffs "[were required to] file in the superior court a certified copy of the claim and record and the reasons of appeal * * *." Section 33–23–1(a)(2). On April 24, Kelley and Pearlman complied with the twenty-day requirement of § 33–23–1(a)(1) when they filed with the Probate Court their claim of appeal to the Superior Court and also requested a certified copy of the claim and record from the probate proceedings. However, by waiting until May 18 and 19, 2000, to submit a certified copy of the record, they failed to meet the thirty-day deadline set forth in § 33–23–1(a)(2). Therefore, the hearing justice was correct in finding that Kelley and Pearlman failed to perfect their appeal in accordance with § 33–23–1.

■ Next, Kelley argued that the Superior Court hearing justice erred in declining to grant her and Pearlman an extension that would allow them to perfect their appeal for purposes of § 33–23–1. She argued that §§ 33–23–1, 33–23–12 and G.L.1956 § 9–21–6 authorize the Superior Court to extend the time for filing the record. Specifically, Kelley cited § 33–23–12 for this authorization, wherein it provides:

> "If an appellant, having filed his or her reasons for appeal, fails to perfect his or her appeal within the time allowed by law or by the superior court, or to prosecute the appeal, the superior court, on motion of any person interested, may affirm the decree or order appealed from or make such other order or decree as justice may require."

Kelley further noted that, because § 33–23–1(c) provides a method for obtaining

extensions in order to receive a transcript of probate proceedings, § 33–23–1 should be read liberally to allow for extensions to obtain documents, including the record that was not timely provided here.

Kelley's interpretation of the statutory scheme does not pass muster. Section 33–23–1(e) makes clear that subsection (c) is the sole exception for which extensions may be granted: "The deadline of subsections (a)(1) and (a)(2) of this chapter are *jurisdictional and may not be extended by either the probate court or the superior court,* except for purposes of extending the time to file the transcript under subsection (c)." (Emphasis added.) We have made clear that the Superior Court has no jurisdiction to hear a § 33–23–1 appeal filed beyond the prescribed appeal period. *In re Estate of Speight,* 739 A.2d 229, 231 (R.I.1999) (per curiam). Because Kelley and Pearlman failed to perfect their appeal within the statutorily-mandated thirty days, the hearing justice was correct in declining to grant their requested extension on jurisdictional grounds.

■ The only remedy available to one who has not filed within the prescribed period is to file a petition to the Superior Court pursuant to § 9–21–6, which gives an aggrieved party ninety days to file a petition to appeal if that party can establish that its appeal was not timely filed due to accident, mistake, unforeseen cause, or excusable neglect. The party filing a § 9–21–6 petition has the burden of establishing one of the acceptable grounds for delay. *Ring v. Ring,* 97 R.I. 509, 510, 199 A.2d 124, 126 (1964). Because Kelley on appeal has not articulated any specific grounds on which she would be entitled to relief under § 9–21–6, we shall not disturb the hearing justice's denial of relief under that statute.

Accordingly, we deny Kelley's appeal and affirm the judgment of the Superior Court, to which we return the papers in this case.