**Carl G. CARLSON et al.**

v.

**Ian T. BEDFORD et al.**

**No. 2001–632 M.P.**

Supreme Court of Rhode Island.

May 7, 2003.

David DeStefano, Providence.

Joseph Rothemich, Coventry.

---

## ORDER

This petition for certiorari came before the Court for oral argument on April 7, 2003, pursuant to an order directing the parties to appear and to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time.

The petitioners, Ian T. Bedford and Dianne L. Bedford, appeal from the entry of an order of the Superior Court granting a petition to file an out-of-time appeal from the District Court pursuant to G.L. 1956 § 9–21–6.[1] They contend that the trial justice abused her discretion when she granted the petition filed by the respondents, Carl G. Carlson and Kathleen M. Carlson, because, they assert, the respondents did not make a proper showing of accident, mistake, unforeseen cause or excusable neglect as required by the statute. We agree.

The facts pertinent to this petition are straightforward. On Thursday, October 18, 2001, the District Court entered a judgment in favor of petitioners after conducting a full trial on the merits of petitioners' tort claim. According to G.L. 1956 § 9–12–10, respondents had two days, "exclusive of Saturdays, Sundays, and legal holidays after the judgment is entered" to remove the case to the Superior Court for a *de novo* trial. Thus, if respondents wished to pursue further action, they statutorily were required to remove the case no later than Monday, October 22, 2001.

Respondents instructed defense counsel to file the matter in Superior Court. Defense counsel failed to follow his clients' instructions until Wednesday, October 24, 2001, an additional two days after the two-day appellate deadline. On that day, defense counsel attempted to remove the case from the District Court but was informed that the appeal was untimely. Subsequently, on November 7, 2001, defense counsel filed a petition to file out of time, pursuant to § 9–21–6.

On November 21, 2001, following a hearing, the trial justice granted the petition in a bench decision and respondents filed a petition for certiorari which we granted.

"The only remedy available to one who has not filed within the prescribed period is to file a petition to the Superior Court pursuant to § 9–21–6, which gives an aggrieved party ninety days to file a petition to appeal if that party can establish that its appeal was not timely filed due to accident, mistake, unforeseen cause, or excusable neglect." *Kelley v. Jepson*, 811 A.2d 119, 123 (R.I.2002) (per curiam). "The party filing a § 9–21–6 petition has the burden of establishing one of the acceptable grounds for delay." *Id.* (citing *Ring v. Ring*, 97 R.I. 509, 510, 199 A.2d 124, 126 (1964)) The facts alleged must be sufficient to constitute one of these circumstances before the court can exercise its authority under the statute. *See Ring*, 97 R.I. at 510, 199 A.2d at 126.

---

1. Section 9–21–6 of the Rhode Island General Laws provides:

    "When any person is aggrieved by an order, decree, decision, or judgment of the district court * * * from which an appeal or other review is available in the superior court and, because of accident, mistake, unforeseen cause, or excusable neglect has failed to claim his or her appeal, the superior court, if it appears that justice so requires, may, upon petition filed within ninety (90) days after the entry of the order, decree, decision, or judgment, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe."

"[R]elief cannot be made available to one who has lost his [or her] appeal by reason of mistake of law or by an act of negligence or dereliction on his own part." *Id.* at 510–11, 199 A.2d at 126. Likewise, the failure of a party's counsel to file the requisite legal documentation within the statutory period for doing so does not qualify as an excuse justifying a continuance under these provisions. *See Dillon v. O'Neal,* 26 R.I. 87, 58 A. 455 (1904). That is because "[t]he rule was not intended as an alternative method of appellate review, nor as a means of circumventing time limits on appeal, except where compelling considerations of justice require that course." *Steinhof v. Keefer,* 101 R.I. 472, 476, 224 A.2d 897, 899 (R.I.1966). In this case, defense counsel's failure to follow his clients' instructions until two days after the appellate deadline does not qualify as an accident, mistake, unforeseen cause, or excusable neglect allowing an appeal to be taken out of time under § 9–21–6. *See e.g., Astors' Beechwood v. People Coal Co., Inc.,* 659 A.2d 1109, 1115 (R.I.1995).

For the reasons stated herein, the petition for certiorari is granted, the order of the Superior Court is quashed and the papers in this case may be remanded to the Superior Court with our opinion endorsed thereon.