DECISION
In this will contest, Appellees Katherine Bray (Katherine), P. James Bray (James), and Gary L. Peterson, as Executor of the Estate of Philip James Bray (Executor) (collectively, the Appellees), have filed a motion to dismiss an appeal filed by Carolyn Bray (Carolyn) from a decision of the Probate Court of the City of Providence (Probate Court). They assert that because Carolyn did not comply with the statutory mandates set forth in G.L. 1956 33-23-1, she failed to perfect her appeal and invoke the jurisdiction of this Court.
Facts and Travel
Philip James Bray (the Testator) died in March of 2004.Transcript, dated August 29, 2006 (Tr.) at 1. He was survived by his three adult children: Carolyn, Katherine, and James. Id. at 1-2. In his last will and testament, the Testator made various bequests to his children. See Last Will and Testament of Philip James Bray at 1-3. Paragraph Seven then provided that the remainder of the estate would be divided equally among his children. See id. at 3. Paragraph Twelve contained a forfeiture clause that provided:
 "In the event that any beneficiary under this Will contests the terms of the Will; then and in that event he shall forfeit one-half (1/2) of his residuary bequest and shall incur all attorney' fees in defense of his challenge, that figure to be determined following the challenge, and said amount further deducted from the contesting residuary legatee's portion of the bequest under the Will." Id. at 5.
The will was duly submitted to the Probate Court. Tr. at 2. On June 2, 2004, Carolyn filed a claim against the estate demanding free and clear title to a residential condominium previously owned by the Testator.Id. Specifically, she claimed that on June 23, 1994, the Testator purchased the property for her sole and exclusive use and ownership, and that he "specially promised [her] ownership of the property free and clear in exchange for [her] assistance and care commencing in 1994 and going forward." Claim of Carolyn Ruth Bray.
The Executor denied the claim, and Carolyn appealed to the Probate Court. Katherine and James filed an objection to Carolyn's claim.See Objection of James Bray and Katherine Bray to Claim of Carolyn Brayand Claim of Katherine Bray and James Bray. They also filed their own claim requesting enforcement of the forfeiture clause against Carolyn.Id. They further sought the Probate Court to order Carolyn to pay rent to the estate for the entire period that she has occupied the condominium. Id. The parties then engaged in discovery. However, ultimately the parties agreed that the disputes better would be resolved in the Superior Court. Id. at 3. The Probate Court agreed and, accordingly, on June 14, 2005, the Probate Court denied the claims and entered two orders to that effect.
On June 28, 2005, James and Katherine filed a claim of appeal with this Court. See C.A. No.: PP/05-3344. Thereafter, on July 6, 2005, the Executor filed a separate claim of appeal with the Superior Court.See C.A. No.: PP/05-3465. On July 8, 2005, Carolyn filed papers entitled "Reasons of Appeal" in C.A. No.: PP/05-3465. On May 15, 2006, the Executor's Motion to Consolidate both C.A. No.: PP/05-3344 and C.A. No.: PP/05-3465 was granted.
Subsequently, on April 24, 2006, Carolyn filed the instant appeal, C.A. No.: PP/06-2237. Thereafter, the Appellees filed a motion to dismiss for failure to timely appeal the Probate Court order denying Carolyn's claim. Carolyn maintains that her appeal is timely because she filed her "Reasons of Appeal" in the Executor's appeal within the required thirty days. See C.A. No.: PP/05-3465.[1] For the following reasons, this Court grants the Appellees' Motion to Dismiss.
 Statutory Interpretation
At issue in this case is whether Carolyn's appeal was timely filed for purposes of invoking the jurisdiction of this Court. It is well settled that the timing of an appeal brought pursuant to G.L. 1956 § 33-23-1
constitutes a statute of limitations question. See Estate of Hart v.LeBlanc, 853 A.2d 1217, 1218 (R.I. 2004) (per curiam); Griggs v. Estateof Griggs, 845 A.2d 1006, 1009 (R.I. 2004) (per curiam); Kelley v.Jepson, 811 A.2d 119, 121 (R.I. 2002) (per curiam); see also In reEstate of Ruth Tinney, No. 2005-196-Appeal slip. op. at 3 (R.I. filed November 14, 2006) (holding that "the petitioner's failure to submit a written transcript of the Probate Court proceedings within the time prescribed by § 33-23-1 was fatal to his Superior Court appeal").
It is axiomatic that "[w]hen the language of a statute is clear and unambiguous, [this Court] must enforce the statute as written by giving the words of the statute their plain and ordinary meaning." Park v.Rizzo Ford, Inc., 893 A.2d 216, 221 (R.I. 2006) (quoting Gem Plumbing Heating Co. v. Rossi, 867 A.2d 796, 811 (R.I. 2005)); see alsoRuffel v. Ruffel, 900 A.2d 1178, 1192 (R.I. 2006) ("When its language is clear and unambiguous, this Court must interpret a statute literally."). The rationale behind this canon of statutory interpretation is that "[t]he plain meaning of the statute is the best indication of the General Assembly's intent." Park, 893 A.2d at 221.
Section 33-23-1 provides in pertinent part:
 "(a) Any person aggrieved by an order or decree of a probate court (hereinafter 'appellant'), may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established, by taking the following procedure:
 (1) Within twenty (20) days after execution of the order or decree by the probate judge, the appellant shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the record of the proceedings appealed from, and shall pay the clerk his or her fees therefor." G.L. 1956 § 33-23-1.
Thus, "[t]o perfect an appeal from the Probate Court to the Superior Court, an appellant must file the claim of appeal within twenty days of the execution of the Probate Court order." Park, 893 A.2d at 221. Thereafter, "[t]he appellant then has thirty days from the execution of the order to file a certified copy of the claim, the record and reasons for appeal with the Superior Court." Id.
It is clear from the record that the instant appeal was not filed within the requisite time. The order denying Carolyn's claim was entered on June 14, 2005. Carolyn had twenty days within which to file an appeal; however, she did not file C.A. No.: PP/06-2237 until April 24, 2006. Considering that it was not timely filed, this Court finds Carolyn has not perfected the current appeal. Consequently, and for the foregoing reasons, this Court grants the Appellees' Motion to Dismiss.
Counsel shall submit an appropriate order consistent with this Decision.
[1] Whether Carolyn's claim properly was filed in C.A. No.: PP/05-3465 when she filed her "Reasons of Appeal" is not presently before this Court.