## CHRISTOPHER FRY'S WILL.

A will signed by the testator and three subscribing witnesses, but without any attestation clause may be admitted to probate after the death of all the subscribing witnesses, upon proof of the hand writing of the testator and the subscribing witnesses, it being the *prima facie* presumption that all the requisites of the statute have been complied with.

The facts in this case are stated in the opinion.

*Potter,* for the appellant read the statute, (Dig. of 1844, p. 231, Sec. 3.), and contended that it should appear either on the face of the will or in proof that all the required formalities had been observed; that the statute had guarded the execution of wills with peculiar securities so as to be sure that it was done when the testator was of a disposing mind and memory, and free from fraud or coercion; and that the witnesses were not simply witnesses of the signature but also of these facts; and that the will could not be admitted until the Court was satisfied, by proof, of a compliance with the formalities prescribed to insure its free and deliberate execution; and he cited 1 Jarman on Wills, pp; 70, 71, 72, 74, 91, 97, 99.

*A. C. Greene and Cranston,* contra, contended, that though the statute prescribed the observance of certain formalities, it did not prescribe any particular mode of proving their observance. An attestation clause is not essential; the best evidence, being that of the witnesses

so long as they are alive, is required to prove a compliance with the statute ; if they are dead, the attestation clause which they subscribe is the next best evidence ; but if there is no such clause, then the next best evidence is the presumption that having subscribed as witnesses they were such witnesses as the law requires. The testator's sanity may be proved by other witnesses.

BRAYTON J., delivered the opinion of the Court. This cause comes before the Court by appeal from a decree of the Court of Probate of the town of Newport, in the County of Newport, rendered on the 13th day of October, 1851, whereby said Court adjudged a certain instrument or writing, purporting to be last Will and Testament of Christopher Fry, late of said Newport deceased, to be proved, and, thereupon, approved, allowed and ordered the same to be recorded, as the last Will and Testament of the said Christopher Fry.

The Will bears date on the ninth day of July, 1825. The clause relating to the execution is this, immediately following the provisions of the will :

" Signed and sealed, this ninth day of July, 1825, at Norfolk, Virginia.

CHRIST. FRY, L. S.

Witnesses,
JAS. WILLOUGHBY,
J. C. MAIGNE,
D. G. FISK."

It appeared in evidence, that the testator resided, at the time of the execution of the Will, in Norfolk, Virginia, where he had been for many years a merchant ; that he removed from there to Newport, where he resided until his death, for a period of some fifteen years ; that

the subscribing witnesses also resided in Norfolk, in 1825, and for many years before and after that time, and were at the date of the will, clerks in the same warehouse, in part occupied by the testator as a place of business. The witnesses all died before the testator. Their hand writing was fully proved, leaving no doubt of the genuineness of their signatures, as was also the signature of the testator.

The appellant, Henry Fry, now appears and objects to the probate of this instrument, as the last Will and Testament of Christopher Fry, and by his counsel says, that there is no proof of the due execution of the will, according to the requisite of the Statute of Wills; that there is no proof that the same was signed, sealed and declared by the testator in the presence of these witnesses, or that they subscribed their names, as witnesses thereof, in the presence of the testator, and claims that these requisites must be fully proved before the will can be admitted to probate.

There can be no doubt that whatever the Statute requires to make the instrument valid in law as a will, must be shown in some way by proof to have been done, and the question now raised involves not so much a consideration of what facts are to be proved, as of the mode in which they are to be proved.

It must be made to appear by proof, that the testator signed, sealed and declared the will, in the presence of the witnesses, and that they subscribed as witnesses, in his presence. And upon the trial, the subscribing witnesses are to be first called. It can be proved in no other way, as long as those witnesses can be had. This is the primary proof. They are supposed to know all

the facts that took place at the execution, and though they may be known to others, it is not to be presumed that others are cognizant of them.

But how is this to be proved, when the witnesses, called to attest the facts, cannot be had, and are beyond the power of the party to produce, from death or other cause?

It is well settled, that, in such a case, secondary evidence may be given.

That secondary evidence is by proof of the handwriting of the witnesses; and, though there is no evidence under oath that they subscribed in the testator's presence, or he in theirs, yet in all cases where the attestation clause signed by the witnesses states the facts, the law presumes the facts were, as stated, though nothing is sworn to, except the signatures, and thus far the counsel for the appellant conceives the law to be.

Proof that the witnesses subscribed is proof that they signed in the testator's presence and he in theirs.

But the counsel contended, that nothing more is to be presumed from the fact of subscribing, than what the attestation clause states.

The first case upon this point is the case of *Hand* v. *James*, (2 Com. R. 531). In this case, the attestation clause omitted to state the signing of the witnesses to have been in the testator's presence. The witnesses were all dead and the point was made that nothing could be presumed beyond what the attestation clause asserted.

But the Court overruled the objection and said, that the witnesses were called to attest the execution of the will, and they would presume all the requisites complied with, and that proof of the signatures of the witnesses

was sufficit *prima facie* proof to go to the jury.   In the
case of *Croft* v. *Pawlet* (2 Strange 1109), there was the
same omission, and the Court held upon the authority
of *Hand* v. *James*, the will proved by proof of signature
of *all* the witnesses sufficiently to go to the jury for them
to say whether it was done in the testator's presence,
and whether all the requisites of the statute were not
complied with.

In the case of *Jackson* v. *Christman* (4 Wend. 277),
the will was upwards of 30 years old, and was admitted
without proof of signature, as ancient, a possession being
proved to have been held under it.   The attestation
clause was like the preceding, and the objection was made
that nothing could be presumed but what appeared on the
Will, and that it did not appear that the witnesses signed
in the testator's presence.   But the Court held, that from
the signatures of the witnesses, all it required, might be
presumed to have been complied with.

The case in Bradford's Surrogate Report  was decided
on the same principle.   It differs from the preceding case
in this that the attestation clause says " subscribed by us
in *our* presence" instead of " *his* presence ; and the Court
determine that had it been omitted, it might have been
presumed to  have been done in the  presence of  the tes-
tator, and all the requisites might be presumed to be com-
plied with, though in this particular case, it was evident
that the word intended to be used was *his*, and not *ours*,
and the will was admitted to  probate.

In the  case of  *Pennell's  lessee* v. *Weyant, et al.*, (2
Harrington 51), the  Will was executed in Philadelphia,
containing a devise of land in Delaware.   The attestation
clause  did not state that the witnesses signed in the tes-

tator's presence, that being a requisite of Delaware, but not of Pennsylvania. The Court in this case recognized the rule in *Hand* v. *James*, but said as the will was executed in Pennsylvania, they could presume no more than that the law of the place where it was executed was complied with.

There is one other case in 2 Curteis 241, *The Goods of John Johnson.* This was a Will made in India under the statute of Victoria, which requires that the witnesses should be together in the testator's presence when they subscribe. Whether they were so in this case, did not appear from the attestation clause. The witnesses were in India, and their hand writing proved. Sir Herbert Jenner said, I will presume the requisites complied with, the witnesses being in India.

These reported decisions settle the law so far that it may be presumed from the fact of their subscribing as witnesses, that the requisites of the statute have been complied with, though the witnessess do not so state in the attestation clause.

The principle of these cases would reach every requisite of the statute singly. They might be omitted one by one, until the attestation clause should state no one of the requisites, and yet each and every of the requisites might be presumed to have been complied with, and that, because they are called to witness those requisites, all of them, and it is fair to presume, that the purpose for which they were called, was accomplished, in the absence of all proof to the contrary.

Upon the authorities quoted we do not feel we could do otherwise than admit the will to probate.

*Decree confirmed.*