ALTHEA M. ELDER, *Ex'x vs.* ROBERT L. ELDER, *et al.*

MARCH 9, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

14

FLYNN, C. J.  This bill in equity was brought by the executrix of the will of Victor H. Elder to obtain instructions relative to the construction and disposition of certain legacies and devises thereunder.  The principal respondents are Robert L. Elder and Rosella A. Elder, who are respectively the son and the widow of the testator.  All necessary parties were represented, and guardians *ad litem* for minors and unascertained persons having an interest were appointed and filed appropriate answers.  In the superior court evidence was introduced and it included the transcript of a previous trial in which the will had been contested unsuccessfully by the respondent Robert L. Elder.  When the cause was ready for final decree it was certified to this court, under general laws 1938, chapter 545, §7, for our determination of the questions therein set forth.

The will was executed by Victor H. Elder in the city of White Plains, New York, on March 5, 1951 while he was there temporarily to receive medical treatment.  He died April 4, 1951 and the will was duly admitted to probate by the probate court of the town of Middletown in this state, which was the testator's legal domicile.  The complainant Althea M. Elder and the respondent Robert L. Elder, who are the only children of the testator, were named in the will as executors and trustees.  However, Robert L. Elder declined his appointment "as an executor" and from the decree of the probate court allowing the will he prosecuted an appeal to the superior court.

In the latter court he alleged the will was invalid on the grounds that the testator was of unsound mind and lacking in testamentary capacity; that it was the result of undue influence exercised upon the testator; and that it was not executed in accordance with the formalities required by the law of this state. At that trial, however, no evidence was offered to prove that the testator was of unsound mind, or lacking in testamentary capacity, or that the document was not executed according to the formal requirements of law. Consequently by direction of the court those issues were removed from the consideration of the jury.

Thereupon the jury considered the remaining issue of alleged undue influence and returned a verdict that the document in question was not obtained by such influence but was the last will and testament of Victor H. Elder. Later the trial justice denied the contestant's motion for a new trial, and since no exception thereto was duly prosecuted the verdict as to the validity of the will became final. As a result of such contest, however, the complainant as sole qualifying "executor" under the will, being in doubt as to the legal effect of provisions in the will relating to forfeitures of benefits by contestants thereof, brought this bill in equity to obtain certain instructions thereunder.

In general the will discloses, in addition to a specific devise in fee simple to Rosella A. Elder, the widow, other devises and bequests to the trustees for her benefit during her life with remainder over to complainant and her issue. It also provides for an absolute bequest of jewelry to the respondent Robert L. Elder, and by clause Fourth makes certain devises and bequests to the trustees for the benefit of Robert L. Elder during his life with subsequent disposition thereof as follows:

> "d) Upon the death of my said son, Robert L. Elder, I direct my trustees hereinafter named to convey said 4 Freeborn Street, Newport, Rhode Island, together with the grounds and garage and any undistributed in-

come from same, together with lots numbers 4 and 5 above mentioned, to my daughter, Althea M. Elder, above referred to, or her issue then surviving, share and share alike.

e) If my said daughter, Althea M. Elder, should leave no issue her surviving, then I direct my trustees hereinafter mentioned to convey said 4 Freeborn Street, together with lots numbers 4 and 5 on the same street, all located in Newport, Rhode Island, to the living issue of my said son, Robert L. Elder, if any, per stirpes and not per capita, share and share alike."

The will further nominates the complainant daughter and the respondent son as executors and trustees under the will, and provides that if either is unable to serve "by reason of the death, resignation, incapacity, or refusal to act * * * the surviving executor and trustee shall serve individually." Then after stating in clause Eleventh the testator's view that the disposition was fair and equitable and his hope that all would be satisfied, he provides in clause Twelfth as follows:

"If any legatee or devisee named in this Will should institute, conduct or share in any proceedings to oppose the probate of this, my Last Will and Testament, or to attack any of its provisions in any way whatsoever, it is my wish that such person or persons shall receive nothing under this Will, or from my estate, and I do hereby annul and revoke any legacies, trusts or bequests made to or for the benefit of any such person or persons, and I direct that they shall be and become null and void."

The instructions sought by complainant involve the legality of these provisions for forfeiture in the event of a contest by a beneficiary and the legal effect of the contest on other pertinent provisions of the will under which such contestant was a beneficiary.

The first certified question reads as follows:

"I. What is the legal effect of the contest of the Will of Victor H. Elder, deceased, by the respondent, Robert L. Elder?

a) Did it void the Fourth Clause of said Will in its entirety and cause the real estate thereby devised to become part of the residuary estate? or

b) If it did not void said Fourth Clause in its entirety, did it cause a forfeiture of the interest of said Robert L. Elder in said real estate as a beneficiary of the trust thereby created and entitle the complainant, Althea M. Elder, to receive a conveyance of said real estate in fee simple?

c) Did it cause a forfeiture of the interest and share of said Robert L. Elder under the Seventh Clause of said Will in the residuary estate of the testator?"

The issue underlying this question has not been directly determined in this state so far as we are aware. However, the courts of many other jurisdictions have considered and decided it. Apparently most of them agree that in general a provision of a will, requiring a forfeiture of a gift in the event a contest of the will is made by the beneficiary thereof, is valid. See 67 A.L.R. 52. However, in a few jurisdictions the general rule is limited by a so-called exception whereby such provision, though held to be valid as to a gift of realty, is not enforceable as to a gift of personalty, at least where there is no specific gift over in the event of a breach of the condition. In such event, apparently following what is supposed to be the English rule, it is considered as merely *in terrorem*. Examples of those cases are referred to in *Cooke* v. *Turner,* 14 Simons 493, 15 M. & W. 727; *Fifield* v. *Van Wyck's, Ex'r,* 94 Va. 557, 563; *Matter of Arrowsmith,* 162 App. Div. 623, 628, but see *In re Brush's Estate,* 277 N. Y. S. 559.

Certain other courts find no reasonable basis for such distinctions, but nevertheless appear to hold that such a "no-contest" provision is against public policy and inoperative where the beneficiary contests the will in good faith and upon probable cause. Examples of these cases are *South Norwalk Trust Co.* v. *St. John,* 92 Conn. 168; *Will of Keenan,* 188 Wis. 163; *Wadsworth* v. *Brigham,* 125 Ore. 428;

*Friend's Estate,* 209 Pa. 442, 446; and *In re Estate of Cocklin,* 236 Iowa 98, overruling in part *Moran* v. *Moran,* 144 Iowa 451.

A third group finds nothing in reason or principle legally to support either of the above limitations or so-called exceptions to the general rule. They apply the well-established rule of construction of wills by which effect is given to the clearly-expressed intent of the testator so long as the condition attached to the gift violates no positive rule of law or public policy. Examples of this class may be found in *Rudd* v. *Searles,* 262 Mass. 490; *Donegan* v. *Wade,* 70 Ala. 501; *Schiffer* v. *Brenton,* 247 Mich. 512; *Provident Trust Co. of Philadelphia* v. *Osborne,* 133 N. J. Eq. 518; *Barry* v. *American Security & Trust Co.,* 77 U. S. App. D. C. 351. See also *In re Brush's Estate, supra,* and other cases collected in the annotation in 67 A.L.R. 52 *et seq.*

In this jurisdiction we adhere to the cardinal rule of construction followed by the above-mentioned third group of courts whereby the whole will of the testator must be given effect according to its clearly-expressed intent if it is not contrary to law or public policy. *Carpenter* v. *Smith,* 77 R. I. 358; *Washington Trust Co.* v. *Arnold,* 69 R.I. 121; *Barker* v. *Ashley,* 58 R. I. 243.

In this general connection we find no law or policy that a testator is legally obligated to leave anything to his children. Indeed such an omission, if not the result of accident or mistake, has been consistently upheld by this court. *Lindsley* v. *Lindsley,* 60 R. I. 85; *Smith* v. *Smith,* 62 R. I. 52. G. L. 1938, chap. 566, §22. On the other hand a child is not obliged to accept a gift under a will, whether it be with or without conditions. Nor is he under a duty individually or arising from public policy to contest the validity of the will of his parent. Certainly effect can be given to these legal principles without depriving a beneficiary of his freedom to contest the will. As a matter of fact the respondent son did contest the instant will and therefore it cannot be

said that he was prevented by this clause from claiming his legal rights. Indeed it is only after a beneficiary has contested a will *unsuccessfully* that the instant question of forfeiture becomes material. In our judgment therefore such a provision does not restrain his liberty of action under the law.

It is also a familiar principle of equity that one may not claim a gift from the bounty of a testator to which he had no original right, while at the same time attacking the validity of the instrument which makes the gift. He must take the devise or bequest together with its burden as well as its benefits. *Sampson* v. *Grogan,* 21 R. I. 174, 184; *Oliver* v. *Wells,* 254 N. Y. 451. Further, although estates on conditions subsequent are not always favored in law, nevertheless testamentary gifts upon such a condition, if properly and unambiguously expressed in the will, have been consistently upheld. See *Tirocchi* v. *Tirocchi,* 67 R. I. 71. Otherwise the intent of the testator would not be carried out.

In the instant case the condition attached to the gift is as clearly intended and expressed as the gift itself and both provisions are inseparable. In view of the explicit expression of the testator's intent there is no room for construction by the court. Where the language of a will is unequivocally clear and the condition is lawful, we cannot find constitutional or statutory authority for a court to enforce or not to enforce a forfeiture clause in its discretion, or to rewrite the will according to its own disposition as to the motives prompting a contest. In our view we may not arbitrarily strike out the condition that the testator affixed to his gift in language which is as clearly expressed as the gift itself and which violates no positive rule of law or public policy. Once the will has been contested and found by the jury and court to be the true will of the testator, as here, the conditional provision for forfeiture which is inseparably affixed to a gift is as much a part of the will as any other provision, and therefore it should be given equal effect.

22

Moreover the contention that such a provision is contrary to public policy where the contest is made in good faith and on probable cause seems to us to overlook the fact that the statute of wills is the properly declared public policy in respect to testamentary gifts and is binding on the court as well as litigants. Ordinarily a court has no right to legislate judicially and to make public policy according to its own view where the general assembly has legislated on the subject matter.

Nor is the court entitled to write into the statute certain provisions of policy which the legislature might have provided but has seen fit to omit, especially where such omissions are not essential to carry out the obvious purpose and intent of the statute as therein expressed. The statute of wills here contains no provision directly or indirectly nullifying the kind of testamentary provision under consideration, and the statute as written can be reasonably applied without further judicial legislation. If a change in that respect is desirable, it is for the legislature and not for the court.

Furthermore in our judgment the assertion of such a public policy as urged by respondents is an assumption contrary to fact. Even in England, where the policy was borrowed from the civil law and ecclesiastical courts, and where such a clause is held to be unenforceable as to personal property if there is no gift over, it is stated: "But, in the case of a condition such as that before us, the State has no interest whatever apart from the interest of the parties themselves. There is no duty, either perfect or imperfect, on the part of an heir, to contest his ancestor's sanity. It matters not to the State whether the land is enjoyed by the heir or by the devisee * * *." *Cooke* v. *Turner,* 14 Simons 493, 502. See also *Rudd* v. *Searles,* 262 Mass. 490.

From our examination of the authorities we are of the opinion that where there is no statute to the contrary and where the condition affixed to a testamentary gift violates no

established rule of law or public policy, such a provision for forfeiture in the event of a contest by a beneficiary is valid. As stated, we find that the conditional provision in clause Twelfth under consideration does not contravene any statute or rule of law relating to property, wills or equity, and is not contrary to any properly declared or established public policy. In reaching this conclusion we agree substantially with the reasoning of the cases in the third classification of courts as previously cited.

We do not agree with respondents' contention that in recent years there has been a *judicial* trend away from such conclusion. Only in the case of *Moran* v. *Moran,* 144 Iowa 451, which formerly held consistently with our conclusion and which was overruled in part by *In re Estate of Cocklin,* 236 Iowa 98, have we found a material change. Nor do we agree that the law of New York in *Matter of Arrowsmith,* 162 App. Div. 623, as cited by respondents, clearly represents the present attitude of the courts in that state. For an interesting discussion thereof, see *In re Brush's Estate,* 277 N. Y. S. 559. See also *Hogan* v. *Curtin,* 88 N. Y. 162.

Therefore we conclude that clause Twelfth providing for forfeiture by a beneficiary in the event of his contest of the will is valid. Accordingly, giving effect to that conclusion and applying it to the facts of record showing that the respondent Robert L. Elder initiated and prosecuted a contest to invalidate the instant will, our answer to question I (a) is that such action on his part did not void clause Fourth of said will *in its entirety* but only so far as it related to the beneficial interest of the contestant Robert L. Elder.

As to question I (b), we answer that the contest of the will by respondent Robert L. Elder did cause a forfeiture of his interest in the real estate as a beneficiary of the trust created by clause Fourth of the will, but it did not entitle complainant Althea M. Elder to receive a conveyance of

said real estate *in fee simple* until the death of Robert L. Elder, since there is no specific provision in the will to accelerate the vesting of her interest in the event of a forfeiture by Robert L. Elder and since the vesting of her estate in interest is expressly made to depend on the happening of certain conditions as stated in that clause of the will.

Our answer to question I (c) is that such contest of the will by Robert L. Elder did cause a forfeiture of his interest and share in the residuary estate of the testator under clause Seventh of the will.

The second certified question reads as follows:

"II. Did the respondent, Rosella A. Elder by testifying in the litigation initiated in opposition to said Will by Robert L. Elder, bring herself within the terms of the Twelfth Clause of said Will, and if so, what is the legal effect of her action in so testifying?

a) Did it void the Second Clause of said Will and cause the real estate on Miantonomi Avenue therein devised to Rosella A. Elder to become part of the residuary estate?

b) Did it void the Third Clause of said Will and cause the real and personal property therein devised and bequeathed to become part of the residuary estate? or

c) If it did not void the Third Clause in its entirety, did it cause a forfeiture of the interest of said Rosella A. Elder in the trust therein created, and entitle the complainant, Althea M. Elder, to receive a conveyance of said real estate in fee simple and a transfer to her of the said stocks?"

In this connection we agree with the general tendency of courts to give to such clauses a strict construction and not to decree a forfeiture unless the action of the beneficiary clearly comes within the scope of the forfeiture clause. See 57 Am. Jur., Wills, §1511, p. 1024. See also *Marx* v. *Rice,* 1 N. J. 574. In the instant case the widow admittedly did not initiate, conduct, or voluntarily join as a party to the contest to invalidate the will. The only question is whether she did "share in any proceedings to oppose the probate of

this, my Last Will and Testament" as provided in clause Twelfth.

It appears that she was a mere spectator at the trial and was then called in open court to the witness stand by the attorney for the respondent Robert L. Elder. Technically she could have been summoned and would then have been obligated to testify. To refuse would have merely invited the summons. In the circumstances her response to such call to testify, which does not appear in the record to have been initiated, offered or designed by her, does not constitute such a voluntary act in opposing the probate of the will as is usually required to come within the terms of similar provisions for forfeiture. In this respect each case must be adjudicated on its own facts. On the record here we do not think that the widow's appearance as a witness, which was substantially involuntary, comes within the terms of the forfeiture clause in question. Therefore our answer to question II and each of its subdivisions (a), (b) and (c) is in the negative so far as the beneficial interest of Rosella A. Elder is concerned.

The third certified question reads as follows:
"III. Did the declination of Robert L. Elder to serve as an Executor of said Will constitute likewise a declination to serve as a trustee under the terms thereof and preclude him from serving in that capacity?"
In our opinion that question is not properly before us. The appointment of the son as an executor and trustee is a matter in the original instance for the probate court to decide. The record discloses his declination to serve "as an executor." The rights and obligations of an executor and of a trustee are different. Whether or not he is still qualified to serve as a trustee, following his declination as an executor and his affirmative contest of the validity of the will, is a matter initially for the decision of another court upon appropriate proceedings. We therefore decline to answer such question at this time.

Question IV as certified to us reads as follows:

"IV. If the residuary estate of said Victor H. Elder, deceased, is found to be insufficient for the payment of his debts, funeral expenses, taxes and other expenses of administration, in what order shall the property specifically devised and bequeathed be liable for and applicable to the payment of said obligations?"

The basis for this question, so far as the record shows, obviously has not arisen as yet and therefore we need not answer it at this time.

On March 16, 1956 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Corcoran, Peckham & Hayes, Edward J. Corcoran, Edward B. Corcoran,* for complainant.

*Arthur J. Sullivan,* for respondent Robert L. Elder.

*Cornelius C. Moore, Frederick W. Faerber, Jr., Charles H. Drummey,* for respondent Rosella A. Elder.

*Joseph J. Nicholson, John R. Haire,* guardians *ad litem.*