**222 A.2d 681.**

WILLIAM COMPO *vs.* STEVEN DEXTER.

SEPTEMBER 19, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an action of trespass on the case for negligence brought to recover damages alleged to have resulted from a motor vehicle collision. The matter was tried to a justice of the superior court sitting with a jury, and a verdict was returned for the plaintiff in the amount of $22,000. The defendant's motion for a new trial was subsequently denied, and he is now prosecuting his bill of exceptions in this court.

The defendant urges, first, that prejudicial error inhered in the denial of his motion for a directed verdict. It is elementary that a trial justice, in considering a defendant's motion for a directed verdict, is obliged to draw from the evidence all reasonable inferences that are favorable to the plaintiff and to refrain from weighing the evidence and passing on the credibility of witnesses. *Hill* v. *A.L.A. Construction Co.*, 99 R. I. 228, 206 A.2d 642. Our examination of the transcript in the instant case is persuasive that the evidence on the issue of plaintiff's due care was susceptible of a reasonable inference that he was in the exercise of due care. Thus, in our opinion, a jury question was raised, and the motion properly was denied.

The defendant argues vigorously, however, that in *Keenan* v. *Providence Journal Co.*, 52 R. I. 54, factually in point, a motion to direct was granted and should control the instant case because of the similarity of circumstances. With this contention we are unable to agree. It is our opinion that *Keenan* was a case in which the record was completely devoid of any evidence probative of the plain-

tiff's due care for his own safety at the time of the collision. In such circumstances it is clear that there was no evidence in the record from which the trial justice could draw any reasonable inference that the plaintiff was in the exercise of such due care. In that circumstance no jury question on the controlling issue was raised, and the motion to direct was properly granted.

The rule on motions for direction posits a record containing legally competent evidence on a controlling issue from which the court may draw reasonable inferences in favor of the plaintiff. In *Keenan* the court concluded that the record was devoid of any such evidence and held as a matter of law that the testimony of the plaintiff adduced for the purpose of proving his due care was impeached by the improbability and contradiction inhering therein and was, therefore, without legal competence or probative force on the issue. Having so decided the law question as to the competency of the evidence, it is clear that there was no evidence from which the court could draw an inference favorable to the plaintiff on the issue of contributory negligence and, therefore, no jury question was raised, and the motion to direct was properly granted.

In short, compliance with the general rule on motions to direct was impossible in the *Keenan* case. Obviously a trial justice cannot draw favorable inferences on the issue of the plaintiff's due care when there is in the record no legally competent evidence susceptible of such an inference. The evidence that had been adduced on the issue, the court held as a matter of law, was impeached by the inherent improbabilities contained therein and, therefore, being without any probative force on the issue, was without legal competence.

In the instant case, however, the evidence adduced on the issue of plaintiff's due care does not suffer from such an infirmity. On this issue he testified that upon observing a flashing red traffic signal at the intersection, he came to a

full stop, looked in both directions on Elmwood avenue, and saw no traffic approaching. From a full stop he started to proceed across Elmwood avenue and had nearly reached the mid-line of the street when defendant's vehicle, approaching from his left, struck the rear side of his vehicle. We see nothing in this evidence which by reason of its inherent improbability or self-contradiction impeaches the testimony thus given, and the record is clearly susceptible of an inference favorable to plaintiff on this issue. In our opinion, the motion to direct the verdict was properly denied.

The defendant is pressing also four exceptions to decisions of the court refusing to instruct the jury in accordance with his requests therefor. The first of these exceptions relates to a request to charge the jury specifically as to the obligation of the operator of a motor vehicle entering an intersection to use due care as set out in *Keenan v. Providence Journal Co., supra.* In the first place, it is our opinion that in his charge the trial justice gave the jury a correct and adequate instruction on the law relating to due care in the operation of motor vehicles at highway intersections. In this circumstance to have instructed the jury in the precise language submitted by defendant would have only resulted in confusing and misleading the jurors. It is our further opinion that this particular request is nothing more than a reassertion of defendant's contention that a verdict should have been directed and, therefore, was properly denied, that issue having been decided.

The second request to instruct the jury to which exception was taken reads: "The defendant is not bound to anticipate the negligence of the other operators in his vicinity. The defendant had the right to presume that the plaintiff would obey the rules of the road as imposed by G. L. 1956, 31-13-9 (1)." The request, as quoted, clearly presumes that plaintiff had failed to comply with the rules of the

road imposed by the statute in his operation of his vehicle at the time under consideration. It follows, therefore, that had the trial justice charged as requested, he would have led the jury into believing that, in his opinion, the evidence showed that plaintiff had violated the rules of the road, so called. This would obviously have been prejudicial error. We see no merit in either of these exceptions.

The defendant requested also that the jury be instructed that "plaintiff's lack of a valid Rhode Island operator's license may be considered by you as a factor in determining whether the plaintiff was in the exercise of due care." An examination of the transcript persuades us that the requested instruction would not be supported by the evidence. Again defendant presumes that plaintiff was operating without a valid license, but the evidence discloses, in our opinion, that plaintiff was operating by virtue of a permit of some kind issued by the registry. In the circumstances it was not error to refuse so to instruct the jury.

Finally, defendant urges that it was error to refuse to instruct the jury that defendant's resting "without introducing any additional testimony is irrelevant to the issues to be decided by you." The defendant in this same request asked also that the jury be instructed that plaintiff must prove his case by a fair preponderance of the evidence. The thrust of defendant's argument before this court is that the trial justice erred in not instructing the jury specifically that defendant was under no burden of proof. Even a cursory examination of the request discloses that an instruction of this character was not asked for therein. No citation of authority is needed for the proposition that requests for instructions must not only relate to the issues in the case but fundamentally must be intelligible and susceptible of appropriate answers. The instant request is lacking in these qualities.

An examination of the instruction given by the court as

to plaintiff's burden of proof discloses an adequate and correct instruction thereon. It may be that a court properly could instruct the jury that in appropriate circumstances a defendant is under no obligation to meet any burden of proof and particularly is not required to sustain the burden of proving his freedom from fault. However, the failure to give such an instruction is hardly prejudicial error where the instruction was not sought, this being particularly true when the charge on the burden of proof otherwise is adequate, correct, and pertinent. All of these exceptions are without merit.

We turn then to consider defendant's exception to the denial of his motion for a new trial. He argues, first, that the trial justice failed to comply with the duty imposed upon him in passing upon such motion, that is, to pass upon the evidence, the weight thereof, and the credibility of the witnesses in an independent exercise of his own judgment. *Martinelli* v. *Steiner*, 84 R. I. 339. With this we are unable to agree. The record discloses, in our opinion, that the trial justice fully and correctly complied with this rule.

That being so, the duty devolves upon defendant to establish that the trial justice was cleary wrong in considering the motion in that he either overlooked or misconceived some relevant and material evidence on a controlling issue. *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305. In an attempt to meet this obligation, defendant argues that the trial justice misconceived the conclusive character of the evidence adduced on the issue of plaintiff's due care at the time he entered the intersection. This is, of course, a reassertion of the argument advanced by defendant in support of his contention that the trial justice erred in denying his motion for a directed verdict. This contention has been considered and rejected by us in considering the prior motion.

It is clear from the record here that the trial justice thoroughly analyzed the evidence and concluded that it established the negligence of the defendant and the freedom of the plaintiff from contributory fault. In doing this he concurred with the jury's verdict and noted in his decision that in the state of the evidence reasonable men could reach different conclusions on these issues. In this circumstance he was justified in concurring with the conclusions of the jury. We are constrained to conclude then that the defendant has failed to establish that the trial justice was clearly wrong in passing on his motion for a new trial and hold that the denial of that motion was entirely proper.

All of the defendant's exceptions briefed and argued are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Bernard C. Gladstone,* for plaintiff.

*Cohen & Chaika, William Young Chaika,* for defendant.