ESTATE OF Brian W. HART a/k/a
Brian William Hart,

v.

Cheryl A. LeBLANC.

No. 2003–464–Appeal.

Supreme Court of Rhode Island.

June 18, 2004.

Steven J. Hart, Esq., West Warwick, for
Plaintiff.

Gregory P. Sorbello, Esq., for Defendant.

Present: WILLIAMS, C.J.,
FLANDERS, GOLDBERG, FLAHERTY,
and SUTTELL, JJ.

## OPINION

PER CURIAM.

This matter originated in the Probate Court of the Town of Richmond. After the Probate Court judge rejected the Estate of Brian W. Hart's (estate or petitioner) petition to sell certain personal property, the estate appealed to the Superior Court. The Superior Court granted Cheryl A. LeBlanc's (respondent) motion to dismiss, finding that the petitioner failed to submit the transcripts from the Probate Court proceedings within the time prescribed by G.L.1956 chapter 23 of title 33. The petitioner timely appealed to this Court.

This case came before the Supreme Court for oral argument on April 6, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated herein, we reverse the judgment of the Superior Court.

## I

### Facts and Travel

On January 25, 2002, the Probate Court executed an order to transfer title to certain personal property from the estate to respondent. On February 22, 2002, the estate filed a notice of appeal with the Superior Court along with the reasons for appeal and a certified copy of the Probate Court record. Several photocopied pages of the Probate Court transcript, which had been recorded by a stenographer commissioned by petitioner, were attached to the certified record. On August 22, 2002, petitioner filed a copy of the entire transcript of the proceedings in the Probate Court.

Relying on § 33–23–1, respondent filed a motion to dismiss on January 10, 2003, citing petitioner's failure to submit the transcript of the Probate Court proceedings to the Superior Court within thirty days of the execution of the order. At a hearing on January 31, 2003, petitioner admitted its failure to submit the transcript within the time prescribed, but requested that the court retroactively grant an extension to file the transcript. The hearing justice granted respondent's motion to dismiss, concluding that petitioner had failed to request a timely extension and, therefore, the Superior Court was without jurisdiction to hear the appeal. The petitioner appealed to this Court, arguing that although it had not submitted the entire transcript, it nevertheless had perfected its appeal in the Superior Court.

## II

### Discussion

The issue before us is whether petitioner was required to submit the entire privately commissioned transcript of the Probate Court proceedings within thirty days of the execution of the order to perfect its appeal to the Superior Court. This Court considers questions involving the timing of appeals brought under § 33–23–1 as statute of limitations questions. *See Griggs v. Estate of Griggs,* 845 A.2d 1006, 1009 (R.I.2004) (per curiam); *Kelley v. Jepson,* 811 A.2d 119, 121 (R.I.2002) (per curiam). We review *de novo* questions of law and statutory interpretation, including whether a party's claim is barred by the statute of limitations. *Kelley,* 811 A.2d at 121. " 'It is well settled that when the language of the statute is clear and unam-

biguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" *Keystone Elevator Co. v. Johnson and Wales University*, 850 A.2d 912, 918 (2004).

To perfect an appeal from the Probate Court to the Superior Court, an appellant must file the claim of appeal within twenty days of the execution of the Probate Court order. Section 33–23–1(a)(1). "The appellant then has thirty days from the execution of the order to file a certified copy of the claim, the record and reasons for appeal with the Superior Court." *Griggs*, 845 A.2d at 1009 (citing § 33–23–1(a)(2)). For the purpose of this statute, the record consists of "copies of documents filed with the probate court and certified by the probate clerk which are relevant to the claim of appeal and the *transcript (if any) of the relevant probate court proceedings*." Section 33–23–1(b). (Emphasis added.)

▇▇▇ The phrase "if any" found in § 33–23–1(b) reflects that the Probate Court is not a court of record so there often will be no transcripts available on appeal or there may be only an electronic recording of the proceedings. Pursuant to G.L.1956 § 33–22–19.1(a), which was enacted in 1996 (P.L.1996, ch. 110, § 10), at the request of either the Probate Court judge or one of the parties, the proceedings shall be recorded by either electronic or stenographic means. A party wishing to record the proceedings either electronically or by a stenographer may do so at his own expense. Section 33–22–19.1(b). Section 33–22–19.1(c) sets forth guidelines if a party appeals from proceedings that were recorded electronically but not transcribed. In those situations, the town or city where the Probate Court is located must provide the appealing party, at the appealing party's expense, the electronic records so someone on the appealing party's behalf can create a "verbatim written transcript of such proceedings." *Id.* After reading § 33–23–1 in light of § 33–22–19.1, it is clear that the Legislature intends that if *any* recording, electronic or written, was made during the Probate Court proceedings, a written transcript "of the relevant probate court proceedings" must then be submitted to the Superior Court in order to perfect an appeal. Section 33–23–1(b). Accordingly, if the Probate Court proceedings were recorded or transcribed by the appealing party the relevant portions of the transcript must be provided. Further, if the proceedings were recorded or transcribed by any other party, then that party—at the appealing party's expense— must make the relevant portion of the written transcript available for the appealing party to submit to the Superior Court.[1]

▇▇▇ This decision is consistent with our recent decision in *Griggs*. In *Griggs* we noted that a "Probate Court judge must be clear when privately commissioned transcripts are to be made a part of the record." *Griggs*, 845 A.2d at 1011. We suggested that a Probate Court judge mark the transcripts as an exhibit so all the

---

1. Nevertheless, given the *de novo* nature of a Probate Court appeal, the potential subjectivity of determining what portions of the Probate Court transcript are relevant to the appeal, and the fact that any failure to include a portion or portions of the transcript that may prove relevant to the appeal should be held against the appealing party when the court decides the issues raised on the appeal, the Superior Court should rarely if ever dismiss a Probate Court appeal solely for the appellant's mere failure to submit one or more arguably relevant portions of the transcript within the period for doing so. As long as the appellant makes a timely and good faith effort to supply those portions of the Probate Court record, including the relevant portions of the transcript, that are sufficient to enable the reviewing court to pass on the issues raised in the case, then the appeal should not be dismissed.

parties are aware that the transcript is part of the official record. Probate Court judges are still encouraged to make any transcript a part of the record to avoid confusion among the parties. Even if the transcript is not officially made a part of the record, however, to perfect an appeal to the Superior Court the appellant must submit in written form all relevant recordings or transcripts created during the Probate Court proceedings, regardless of which party originally requested that the proceedings be recorded.

 Armed with a better understanding of the Legislature's intent, we briefly turn to what constitutes the relevant portion of the transcript. The transmitted record, including the transcript, "is sufficient if it will allow the Superior Court to pass on each issue raised in the appeal." *Griggs,* 845 A.2d at 1010. When petitioner submitted the copies of the certified record on appeal, several pages from the transcript covering the Probate Court judge's decision to deny petitioner's request and the reasoning behind that determination were attached to the record. The only issue on appeal was whether the Probate Court judge's denial of the petition was proper. Clearly, the relevant portions of the transcript were submitted to the Superior Court and petitioner's appeal was perfected.

We hold that to perfect an appeal to the Superior Court from a Probate Court judgment under § 33–23–1, the appealing party must submit a written transcript of all relevant portions of the Probate Court proceedings, regardless of who commissioned the recording or transcription originally. Thus, because the petitioner submitted the relevant portion of the transcripts to the Superior Court within thirty days of the execution of the order, the hearing justice erroneously granted the respondent's motion to dismiss. We

remand this case to the Superior Court to be evaluated on its merits.

### Conclusion

For the reasons stated here, we reverse the judgment of the Superior Court. The record shall be remanded to the Superior Court.