**In re ESTATE OF Ruth TINNEY.**

**No. 2005–196–Appeal.**

Supreme Court of Rhode Island.

Nov. 14, 2006.

William O'Gara.

Keith Kyle, Newport.

### O R D E R

For the third time, this Court is faced with an appeal involving the venerable Belcourt Castle in Newport and the estate of Ruth Tinney.

In *Tinney v. Tinney*, 770 A.2d 420 (R.I. 2001) (*Tinney I*), this Court held that the petitioner, Kevin Tinney (Kevin), an adoptive son of Ruth Tinney, had acquired an interest in Belcourt Castle by exercising undue influence over his recently widowed mother. We affirmed the judgment of the Superior Court that had denied Kevin's petition to partition Belcourt Castle and voided the conveyance of an interest in the property to him.

Later in *Tinney v. Tinney*, 799 A.2d 235 (R.I.2002) (*Tinney II*), we held that Kevin was a child of Ruth, that the term "child" in the intestacy statute was intended to include those adopted as adults, and that Kevin therefore was entitled to inherit from Ruth, who died intestate on December 18, 1995.

During the administration of Ruth's estate, Kevin claimed the right to inherit an interest in certain valuable antiques and artifacts housed at Belcourt Castle. However, the probate judge ruled that Ruth had owned the artifacts jointly with her other son, Donald Tinney, and Donald's wife, Harle. Therefore, the Probate Court ruled, title to the disputed items passed to the surviving joint owners by operation of law. Kevin timely appealed the decision of the Probate Court to the Superior Court.[1]

After the release of this Court's opinion in *Estate of Hart v. LeBlanc*, 853 A.2d 1217 (R.I.2004), which was issued while Kevin's Superior Court appeal was pending, the estate moved for summary judgment. To support its motion, the estate argued that, based on our holding in *Hart*, Kevin had failed to perfect his appeal because he did not submit written transcripts from the Probate Court proceedings within the time prescribed by G.L.1956 § 33–23–1. Kevin conceded that he did not file a written transcript of the probate court proceedings, instead submitting audio cassette recordings of the proceedings. After hearing the arguments of the parties, the hearing justice agreed with the estate, cited *Hart* as controlling law, and granted summary judgment. Kevin then filed a timely appeal to this Court.

In his argument, Kevin maintains that *Hart* enunciated a new principle of law that should not be applied to his case because his probate appeal already was pending when our opinion in *Hart* was released. He therefore urges this Court to apply the balancing test concerning retroactivity set forth in the case of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and adopted by this Court in *Marran v. Gorman*, 116 R.I. 650, 359 A.2d 694 (1976).[2] He argues that the

---

1. On November 3, 2004, after filing his appeal to the Superior Court, Kevin filed a petition for personal bankruptcy in the United States Bankruptcy Court. Kevin's Trustee in bankruptcy, Stacy B. Ferrara, was substituted as appellant. For ease of reference, however, we will continue to refer to Kevin as "petitioner."

2. In *Marran*, this Court stated that
   "[t]he Supreme Court of the United States has listed three separate factors that it con-

application of those factors militates against the retroactive application of the holding in *Hart* to the facts of his case. We do not agree.

The issue presented by this case simply is whether the petitioner was required to submit a written transcript to the Superior Court within thirty days of his appeal from the Probate Court to perfect that appeal under § 33–23–1. Thus, our decision today is controlled, as it was in *Hart,* by the language of § 33–23–1, and is governed solely by principles of statutory construction.

In *Hart,* we held that "to perfect an appeal to the Superior Court from a Probate Court judgment under § 33–23–1, the appealing party must submit a written transcript of all relevant portions of the Probate Court proceedings, regardless of who commissioned the recording or transcription originally." *Estate of Hart,* 853 A.2d at 1220. We see no reason to depart from that interpretation now. Therefore, the petitioner's failure to submit a written transcript of the Probate Court proceedings within the time prescribed by § 33–23–1 was fatal to his Superior Court appeal. The judgment of the Superior Court

siders when determining whether a decision establishing a new principle of law in a civil case will be applied retroactively: (1) whether the new principle established was one whose adoption was clearly foreshadowed; (2) whether retroactive application will further or retard the purposes which motivated the adoption of the rule; and (3) whether inequitable results will ensue from a retroactive application." *Marran v. Gorman,* 116 R.I. 650, 653, 359 A.2d 694, 696

is affirmed, and the record shall be returned thereto.

Chief Justice WILLIAMS did not participate.

(1976) (citing *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)).

This Court most recently has applied the *Chevron* standard in *Landmark Medical Center v. Gauthier,* 635 A.2d 1145, 1154 (R.I.1994), in which we retroactively applied our decision to expand the common-law necessaries doctrine to impose liability on a wife for the necessaries of her spouse.