Patricia LETT

v.

Louis J. GIULIANO, Jr.

No. 2009–118–Appeal.

Supreme Court of Rhode Island.

Jan. 9, 2012.

Jeffrey K. Techentin, Esq., Providence, for Plaintiff.

Thomas M. Dickinson, Esq., Woonsocket, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on October 25, 2011, on appeal from a Superior Court judgment in favor of the plaintiff, Patricia Lett (plaintiff or Lett),

declaring that the estate successfully had proven the will of Louis J. Giuliano, Sr. (Giuliano, Sr. or testator). The defendant, Louis J. Giuliano, Jr. (defendant or Giuliano, Jr.), the testator's adult son who contested the will, avers that the trial justice erred by: (1) denying the defendant's motion to dismiss based on the plaintiff's failure to provide the Superior Court with a complete record of the Probate Court proceedings; (2) refusing to grant the defendant's motion for a new trial because there was no proof of testamentary capacity and age, and declining to instruct the jury on those issues; (3) denying the defendant's motion for judgment as a matter of law after the plaintiff failed to prove testamentary capacity and proper execution of the will; and (4) excluding from evidence an inventory of Giuliano, Sr.'s estate. Because we are of the opinion that the trial justice did not err, we affirm the judgment of the Superior Court.

## Facts and Travel

On September 7, 1995, Giuliano, Sr. executed his last will and testament. The will named plaintiff as executrix and also designated her as the primary beneficiary of his estate. More than ten years later, on February 8, 2006, Giuliano, Sr. died and Giuliano, Jr. mounted a challenge to the authenticity of his father's signature on the instrument. After a hearing in Smithfield Probate Court, the probate judge denied plaintiff's [1] petition to probate the will on the grounds that the witnesses to its execution could not independently recall whether they had witnessed the testator sign the will in each other's presence and whether they signed as witnesses in the testator's presence. The plaintiff turned to the Superior Court and filed an appeal

of the decision of the Probate Court. On January 2, 2007, a hearing was held on plaintiff's motion for summary judgment. The plaintiff asserted that the affidavit signed by the witnesses established that the testator executed the will in their presence, thus satisfying the statutory requirements of G.L.1956 § 33–5–5. The defendant countered by producing an affidavit of a handwriting expert who opined that the testator's signature was not genuine. The trial justice, persuaded by the self-executing affidavit, granted summary judgment in favor of plaintiff.

On appeal, this Court reversed, declaring that because the witnesses were unable independently to recall the circumstances under which the will was signed, and because the handwriting expert provided opposing testimony, the affidavit was insufficient for summary judgment. *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 393 (R.I.2008). The Court held that there was a genuine issue of material fact regarding whether the will was executed in accordance with statutory requirements and whether the testator's signature was genuine. *Id.*

On remand, a trial was held in December 2008. On the second day of the proceedings and immediately before the jury was sworn, defendant sought dismissal of the action. The defendant contended that plaintiff had failed to transmit to the Superior Court one transcript from the Probate Court proceedings and that, consequently, plaintiff had failed to transmit the record in compliance with G.L.1956 § 33–23–1. The trial justice denied defendant's motion based on his determination that the missing transcript was at best only marginally

---

1. Originally, this case had two plaintiffs: Lett and the Estate of Louis J. Giuliano, Sr. On December 2, 2008, at the start of trial in the Superior Court, the Estate of Giuliano, Sr. was dismissed as a plaintiff because there was no one to represent it. Apparently, the Probate Court was still considering the issue of co-custodians of the estate.

relevant, and it currently was in the court record.

Several witnesses testified at trial. The attorney who drafted the will (the Drafting Attorney) testified that he met with Giuliano, Sr. on several occasions to discuss the contents of the will and to make minor alterations to the document as directed by the testator. The Drafting Attorney testified that the testator signed the will in his presence, and also in the presence of two of his colleagues (whom we shall refer to as Witness One and Witness Two), who, with the testator's acquiescence, served as witnesses to the will's execution. The Drafting Attorney additionally testified that the witnesses signed the will and the attached affidavit in each other's presence.

Witness One testified that he signed the will and affidavit, and that he personally witnessed the testator sign the will. Witness Two testified as well, but stated that he had no independent recollection of what had occurred on the day that the will was executed; he did identify his own signature on the will and on the attached affidavit. The affidavit, which was signed by both witnesses, attested to the fact that testator was of sound mind at the time he signed the will and that both witnesses, collectively, witnessed the testator execute the will.[2]

At the close of plaintiff's case, defendant moved for judgment as a matter of law in accordance with Rule 50 of the Superior Court Rules of Civil Procedure; a motion that he renewed at the close of evidence. The defendant argued that plaintiff had failed to prove testamentary capacity and to present evidence that Giuliano, Sr. was eighteen years old when he executed the will.[3] The plaintiff responded that there was sufficient circumstantial evidence of proof on those issues. The defendant also argued that the jury should be instructed that plaintiff had the burden of proving testamentary capacity and age. *See Bajakian v. Erinakes,* 880 A.2d 843, 849 n. 11 (R.I.2005) (providing that the proponent of the will bears the burden of demonstrating testamentary capacity). The trial justice reserved decision on defendant's Rule 50 motion and rejected defendant's objection to the jury instructions.

The trial justice determined that only two issues concerning the validity of the will were in dispute in this case and that two questions would be placed before the jury: (1) "Do you find by a fair preponderance of the evidence that the plaintiff has proved that Louis J. Giuliano, Sr. personally signed his will dated September 7, 1995, yes or no?"; and (2) was the will "executed in conformity with the statutory requirements for validly executing a will * * *[?]". The jury responded in the affirmative to both questions, finding that the will properly was executed. The trial justice proceeded to deny defendant's Rule 50 motion for judgment as a matter of law. The trial justice declared that neither tes-

---

**2.** The affidavit affirms that:

"In said County and State, on this 7th day of September, 1995, before me personally appeared the undersigned [Witnesses One and Two], who, being duly sworn, depose and say that: they witnessed the execution of the will of LOUIS J. GIULIANO of even date herewith; that the signature to the will is in the handwriting of the testator; that said testator so subscribed the will and declared the same to be his last will in their presence; that they thereafter subscribed the same as witnesses in the presence of the testator and in the presence of each other; that at the time of execution of the will the testator appeared to be of sound mind and 18 years of age or over; and that the signatures of the witnesses on the will are genuine."

**3.** We note that Giuliano, Sr.'s death certificate, which was entered as an exhibit at trial, indicated that he was born in 1941.

tamentary capacity nor the testator's age had been challenged in any manner at trial and, further, that the Drafting Attorney's testimony describing the circumstances surrounding the preparation of the will was sufficient evidence of Giuliano, Sr.'s testamentary capacity.

The defendant subsequently moved for a new trial, asserting that plaintiff failed to prove testamentary age and capacity—and that the trial justice erred by not instructing the jury that plaintiff bore the burden to prove those requirements; that plaintiff had failed to perfect her appeal by neglecting to submit one transcript from the probate proceedings; and that the trial justice erred by not allowing into evidence an inventory of testator's estate. The trial justice found that the inventory of the estate had "absolutely nothing to do with any of the evidence in this case" and that it was not erroneous for the court to have disallowed that evidence. The trial justice, noting that the missing transcript had little relevance to the trial and was available to both sides, declared that plaintiff's failure to file the transcript did not warrant dismissal. After the trial justice initially granted defendant's motion for a new trial on the issues of testamentary capacity and the age of testator, on reconsideration, he concluded that the issues before the Superior Court were limited and that the questions of testamentary capacity and age had not been raised.[4] From the trial justice's denial of defendant's new-trial motion, this appeal ensued.

## Standard of Review

■ "This Court examines '[jury] instructions in their entirety to ascertain the manner in which a jury of ordinary intelligent lay people would have understood them, * * * and * * * review[s the] challenged portions * * * in the context in which they were rendered.'" *State v. Cardona*, 969 A.2d 667, 674 (R.I.2009) (quoting *State v. Krushnowski*, 773 A.2d 243, 246 (R.I.2001)). "The trial justice is bound to ensure that the jury charge 'sufficiently addresses the requested instructions and correctly states the applicable law.'" *State v. Sivo*, 925 A.2d 901, 913 (R.I.2007) (quoting *State v. Coleman*, 909 A.2d 929, 938 (R.I.2006)). "However, '[a]n erroneous charge warrants reversal only if it can be shown that the jury could have been misled to the resultant prejudice of the complaining party.'" *Id.* (quoting *Saber v. Dan Angelone Chevrolet Inc.*, 811 A.2d 644, 653 (R.I.2002)).

■ When this Court reviews a trial justice's decision to deny a motion for a new trial, having satisfied ourselves that "the trial justice has carried out the duties required by Rule 59 of the Superior Court Rules of Civil Procedure and our decided cases, his or her decision is accorded great weight by this Court * * *." *Botelho v. Caster's, Inc.*, 970 A.2d 541, 546 (R.I.2009). The decision will not be disturbed unless it can be shown that "the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Izen v. Winoker*, 589 A.2d 824, 829 (R.I.1991) (citing *Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892, 899 (R.I. 1987)).

■ "Our review of a trial justice's decision on a motion for judgment as a matter

4. Ruling on the motion to reconsider—a practice not set forth in our rules—the trial justice concluded that the trial was a limited appeal from the Probate Court that was confined to the narrow, disputed questions of whether testator's signature was genuine, and whether the execution of the will complied with statutory formalities under G.L.1956 § 33–5–5. The trial justice determined that testamentary age and capacity, as required under § 33–5–2, never were raised as disputed issues at trial.

of law is *de novo." Medeiros v. Sitrin,* 984 A.2d 620, 625 (R.I.2009) (citing *Gianquitti v. Atwood Medical Associates, Ltd.,* 973 A.2d 580, 589 (R.I.2009)).

## I

## The Record on Appeal to the Superior Court

■ The defendant's first assignment of error is that the trial justice erred when he denied defendant's motion to dismiss, based on his contention that plaintiff failed properly to perfect the appeal. Section 33–23–1(a)(2) of the General Laws requires, *inter alia,* that the party claiming an appeal from an order of the Probate Court, within thirty days of the order, must file in the Superior Court a certified record of the proceedings from which the appeal is taken.[5] *See Griggs v. Estate of Griggs,* 845 A.2d 1006, 1010 (R.I.2004). The record on appeal consists of "copies of documents filed with the probate court * * * which are relevant to the claim of appeal and the transcript (*if any* ) of all relevant evidentiary probate court pro-

ceedings." Section 33–23–1(b). (Emphasis added.) In *Estate of Hart v. LeBlanc,* 853 A.2d 1217 (R.I.2004), we elucidated that:

"The phrase 'if any' found in § 33–23–1(b) reflects that the Probate Court is not a court of record so there often will be no transcripts available on appeal or there may be only an electronic recording of the proceedings. Pursuant to G.L.1956 § 33–22–19.1(a), which was enacted in 1996 (P.L.1996, ch. 110, § 10), at the request of either the Probate Court judge or one of the parties, the proceedings shall be recorded by either electronic or stenographic means. A party wishing to record the proceedings either electronically or by a stenographer may do so at his own expense. Section 33–22–19.1(b). Section 33–22–19.1(c) sets forth guidelines if a party appeals from proceedings that were recorded electronically but not transcribed. In those situations, the town or city where the Probate Court is located must provide the appealing party, at the

---

**5.** General Laws 1956 § 33–23–1 states in pertinent part:

"(a) Any person aggrieved by an order or decree of a probate court (hereinafter 'appellant'), may, unless provisions be made to the contrary, appeal to the superior court for the county in which the probate court is established, by taking the following procedure:

"(1) Within twenty (20) days after execution of the order or decree by the probate judge, the appellant shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of the claim and the record of the proceedings appealed from, and shall pay the clerk his or her fees therefor.

"(2) Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or with-

out terms, the superior court shall allow amendments and additions thereto.

"(3) The appellant shall file with the probate clerk an affidavit in proof of the filing and docketing of the probate appeal pursuant to the time deadlines set forth in § 33–23–1(a)(2).

"(b) For purposes of this chapter, the 'record of the proceedings appealed from' shall include copies of documents filed with the probate court and full exhibits entered into evidence by the probate court as certified by the probate clerk which are relevant to the claim of appeal *and the transcript (if any) of all relevant evidentiary probate court proceedings.* The appellant and the appointed fiduciary may stipulate to the content of the record of proceedings from the probate clerk and may stipulate to the supplementation of the record of proceedings in the superior court. Without such stipulation, the appellant must timely file all relevant filings, exhibits and transcripts with the reasons of appeal in the superior court." (Emphasis added.)

appealing party's expense, the electronic records so someone on the appealing party's behalf can create a 'verbatim written transcript of such proceedings.' *Id.*" *Estate of Hart,* 853 A.2d at 1219.

The record before us discloses that plaintiff requested that the Probate Court transmit the entire record to the Superior Court and, after conversing with a representative of the company retained to compile the transcript, was under the belief that all of the proceedings had been transcribed and transmitted. However, a single transcript containing the testimony of plaintiff's handwriting expert had been omitted. The plaintiff contended that this omission was inadvertent. This missing transcript only came to light years later, on the second day of trial, when defendant drew the court's attention to it and moved to dismiss the case. Significantly, defense counsel produced a certified copy of the missing testimony that apparently had been transcribed at Giuliano, Jr.'s behest. Although this transcript had been in defendant's possession for nearly a month, its existence was not made known to the trial justice or the opposing party until after the trial commenced. The trial justice heard arguments on the motion to dismiss and then, satisfied that the missing transcript was available to all concerned and that it would be used, if at all, for impeachment purposes, declared that "[t]he record is now complete," and denied defendant's motion to dismiss.

■ In *Estate of Hart,* 853 A.2d at 1219 n. 1, this Court recognized that a probate appeal is *de novo* in nature and the statute requires the production of only the relevant portions of a transcript. We declared that, based on "the potential subjectivity of determining what portions of the Probate Court transcript are relevant to the appeal, * * * the Superior Court should *rarely if ever dismiss a Probate Court appeal solely for the appellant's mere failure to submit one or more arguably relevant portions of the transcript* within the period for doing so." *Id.* (Emphasis added.) Accordingly, "[a]s long as the appellant makes a timely and good faith effort to supply those portions of the Probate Court record, including the relevant portions of the transcript, that are sufficient to enable the reviewing court to pass on the issues raised in the case, then the appeal should not be dismissed." *Id.*

In light of our clear pronouncement that failure to submit a single transcript as part of a larger probate record should "rarely if ever" be cause for dismissal when a party has made good faith efforts to comply with § 33–23–1, we are of the opinion that defendant's motion to dismiss lacked merit. *See Estate of Hart,* 853 A.2d at 1219 n. 1. We are mindful that defendant's motion to dismiss was made mid-trial, well past the eleventh hour. We contrast this case with our opinion in *In re Estate of Tinney,* 911 A.2d 272, 272 (R.I.2006) (mem.), in which this Court held that the appealing party's failure to submit *any* transcripts to the Superior Court constituted fatal error. Here, plaintiff provided a voluminous record of the probate proceedings, an effort that was costly and time-consuming.[6] Furthermore, defendant has failed to show how the missing transcript was relevant to the Superior Court proceedings, or how its omission prejudiced his defense in any way. We are of the opinion that plaintiff's failure to submit a single transcript of dubious relevance does not constitute one

6. The trial justice ordered the court's Exhibit No. 1 to be marked as a full exhibit. This document was described as a four-page certification from the Probate Court, dated August 24, 2006, enumerating the substantial record transmitted to the Superior Court as part of plaintiff's appeal.

of those rare instances warranting dismissal of plaintiff's appeal.

## II

### Testamentary Age and Capacity

■ The defendant next avers that plaintiff failed to prove that the testator was of sufficient age and testamentary capacity to execute his will, and that the trial justice erred by declining to instruct the jury on plaintiff's burden to prove those issues. The defendant also contends that the trial justice should have granted defendant's new-trial motion on those grounds.[7] This argument is without merit.

We begin by observing that it was plaintiff who appealed from the decision of the Probate Court, which declared that the proponents of the will "have not shown more probably than not that both witnesses signed in the presence of the testator and in the presence of each other or that both witnesses were present at the same time." As such, it was plaintiff's obligation to set forth the reasons for appeal in accordance with § 33–23–8. In her claim of appeal, dated August 10, 2006, and again in her complaint to the Superior Court, Lett set forth the reasons for the appeal: a challenge to the findings of the probate judge that the signature on the will was not genuine and that the will was not witnessed in accordance with § 33–5–5. Neither Giuliano, Sr.'s testamentary capacity or his age had been questioned by defendant during the Probate Court proceedings, nor were they included in the reasons for appeal. Moreover, these issues were not disputed by defendant at any point in this case. Accordingly, any challenge to testator's testamentary capacity was waived by defendant's failure to raise it at the appropriate time before the Probate Court and the Superior Court.

■ Nonetheless, we are of the opinion that there was ample evidence of testamentary capacity before the Superior Court. The affidavit of the witnesses to the will was entered into evidence, in which those respected members of the bar attested to the fact that Giuliano, Sr. was of sound mind when he executed the will. Additionally, the Drafting Attorney testified at length about the process surrounding the preparation of the will. Based on the Drafting Attorney's unimpeached testimony, evidence of the testamentary capacity of the testator is manifest in the trial record. This circumstantial proof of testamentary capacity was unrefuted by defendant. In fact, when asked at oral argument whether defendant had any evidence tending to disprove testamentary capacity, counsel for defendant—to his credit—candidly admitted that he had none.

■ Under our law, if the will has been signed by testator and the required number of witnesses, there is a presumption that the statutory requisites for executing a will have been met. *See In re Fry's Will*, 2 R.I. 88, 93 (1852) (stating that compliance with statutory requisites may be presumed from the witnesses subscribing to the will). It is entirely appropriate for a trial justice to remove the issue of testamentary capacity from the jury's consideration when the party seeking the allowance of the will presents some evidence of testamentary capacity, and the opposing party offers no countervailing evidence tending to refute it. *See Elder v. Elder*, 84 R.I. 13, 17, 120 A.2d 815, 817 (1956) (noting that the trial justice's removal of the question of testamentary ca-

---

7. We note that, during the course of oral argument, defendant's counsel abandoned the contention that the testator was not of age, and conceded that testator had attained the requisite age of eighteen by the time he executed his will.

pacity from the jury's consideration was appropriate when no contrary evidence was presented). Trial justices are not required to instruct jurors on matters that are undisputed or for which no evidence has been presented at trial. *See State v. Girard*, 799 A.2d 238, 252 (R.I.2002) ("an instruction on a lesser offense is not necessary when such a charge is wholly unsupported by the evidence" (quoting *State v. Brown*, 744 A.2d 831, 838 (R.I.2000))); *Patino v. Suchnik*, 770 A.2d 861, 865 (R.I. 2001) (stating that, when instructing the jury, the trial justice must "reasonably set forth all of the propositions of law that relate to material issues of fact *which the evidence tends to support*" (quoting *Morinville v. Old Colony Co-operative Newport National Bank*, 522 A.2d 1218, 1222 (R.I.1987) (emphasis added))); *Compo v. Dexter*, 101 R.I. 311, 315, 222 A.2d 681, 684 (1966) (stating that jury instructions must relate to the issues raised in the case).

Accordingly, we are of the opinion that in light of the testimony at trial and the signed affidavit presented by plaintiff, there was sufficient evidence in the record tending to prove that testator possessed testamentary capacity when he executed his will, and that the trial justice did not err by declining to instruct the jury on that issue or by denying defendant's motion for judgment as a matter of law.

### III

#### Inventory of Estate

 The defendant next assigns error to the trial justice's refusal to allow into evidence an inventory of testator's estate. A trial justice's decision to admit or to exclude evidence on relevancy grounds is a discretionary decision that will not be disturbed on appeal, as long as the trial justice adequately explained his or her reasoning and the decision did not amount to an abuse of discretion. *Dalo v.*

*Thalmann*, 878 A.2d 194, 199, 200 (R.I. 2005). Because we are satisfied that the decision to exclude this evidence was well within the trial justice's discretion and there has not been even a threshold showing of relevance, we need not address this claim any further.

### Conclusion

Because we conclude that all of the defendant's contentions lack merit, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.