**Supreme Court**

No. 2012-297-Appeal.

(PC 07-1258)

Dennis Martin, in his capacity as Executor          :
    of the Estate of Camella L. Martin

                    v.                               :

    Michael Lawrence, alias; et al.                  :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Dennis Martin, in his capacity as Executor   :
    of the Estate of Camella L. Martin

                v.                :

  Michael Lawrence, alias; et al.      :


Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.** The plaintiff, Dennis Martin, as executor of the estate of his mother, Camella L. Martin, appeals from a judgment entered by the Superior Court in favor of the defendant, Michael Coyne, and from a denial of the plaintiff's motion for judgment as a matter of law, new trial, and/or additur in this automobile-accident negligence action. This case came before the Supreme Court for oral argument on October 30, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully considering the written and oral submissions of the parties, we are satisfied that this appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

This matter arises out of an automobile accident that occurred between plaintiff, Camella L. Martin,[1] and defendant, Michael Coyne,[2] at the intersection of Angell and Hope Streets in Providence, Rhode Island.

The accident occurred between 10:30 and 11 a.m. on June 11, 2006. The defendant was driving in the left lane of Angell Street. He testified at trial that his speed on Angell Street was approximately thirty to thirty-two miles per hour as he approached the intersection with Hope Street. According to Coyne, the traffic light at the intersection was green from the moment he first observed it on turning onto Angell Street from Governor Street until he proceeded through the intersection. In the intersection, his car collided with that of plaintiff, Camella Martin. As a result of the collision, Mrs. Martin's car spun, turned, and then stopped after hitting a fire hydrant. Coyne further testified that he did not see Mrs. Martin's car until the moment of the collision. He described the damage to both vehicles as being "significant."

Mrs. Martin suffered a number of injuries, including fractured ribs and a fractured pelvis, and, after the accident "was no longer independent," according to the testimony of her son. Mrs. Martin passed away approximately two years after the accident, in February 2008.

The plaintiff filed the instant suit in March 2007. A jury trial took place on March 1, 2, and 5, 2012.

---

[1] Camella Martin, who was ninety-one at the time of the accident, passed away in February 2008, prior to discovery and the trial. The plaintiff moved orally under Rule 25 of the Superior Court Rules of Civil Procedure to substitute Dennis Martin, as executor of Camella Martin's estate, as the named plaintiff in this case. The Court granted the motion on March 1, 2012, prior to the commencement of trial. There is no claim that Mrs. Martin passed away as a result of the accident.

[2] The defendant, Michael Coyne, was misnamed as Michael Lawrence on the complaint. The defendant orally moved to correct the misnomer of defendant. The Court granted the motion.

Prior to trial, the trial justice addressed a number of motions in limine made by defendant,[3] including a motion to preclude admission into evidence of a document entitled "Notice of Injury—Proof of Loss." The document was a form filled out by Mrs. Martin with her own insurer, Allstate Insurance Company, which offered a brief description of how the accident occurred. Mrs. Martin wrote, "I was on my way to church driving on Hope St. I came to the intersection of Hope St[.] and Angell St[.] and crossed into a yellow caution light. A young man going very fast smashed into me on the drivers [sic] side." The defendant argued that the document should be excluded as hearsay. The plaintiff conceded that the document was hearsay but asserted that it was admissible under certain exceptions to the hearsay rule,[4] specifically Rule 803(6)[5] and Rule 803(24)[6] of the Rhode Island Rules of Evidence.[7] The trial justice granted

---

[3] The defendant also filed motions to preclude plaintiff from introducing medical records into evidence and to exclude expert testimony in the field of accident reconstruction. Those motions are not before this Court in this appeal.

[4] The plaintiff also mentioned Rules 804, 1007, 402, and 401, but specifically limited his argument to Rules 803(6) and 803(24) of the Rhode Island Rules of Evidence.

[5] Rule 803(6) is the so-called business records exception which permits admission into evidence of hearsay statements if they can be characterized as

"[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, another person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation * * *."

[6] Rule 803(24) permits admission into evidence of hearsay statements not covered in the other exceptions but

"having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

[7] During the hearing, plaintiff's counsel asked the court for leave of time to bring in an Allstate representative to testify as to the document's authenticity. The trial justice did not address the request, but suggested that, even if a representative from Allstate were to testify as to

- 3 -

defendant's motion in limine, stating that the document was hearsay that did not fall into any of the exceptions to the hearsay rule.

The defendant testified at trial as an adverse witness for plaintiff as to the circumstances of the accident. He further testified that following the accident, he did not have any direct conversation with either Mrs. Martin or Mr. Martin.

Detective Charles Boranian of the Providence Police Department testified at trial on behalf of plaintiff. Detective Boranian stated that he has worked for the Providence Police Department for over thirty years, during which time he had served in the Traffic Bureau, Patrol, and Total Accountability Unit. He averred that during the course of his duties, he had read numerous rules and regulations pertaining to the speed limits in the city of Providence and that any time a change is made to any speed limits, the traffic engineering department notifies the police department accordingly in order to aid the department's enforcement of the speed limits. According to Detective Boranian, the general policy of speed limits in the city of Providence is that all city streets have a speed limit of twenty-five miles per hour with certain exceptions that did not apply to Angell Street. Detective Boranian admitted that he did not know if there were any speed-limit signs posted on Angell Street at the time of the accident.

The plaintiff Dennis Martin testified at trial as to his mother's lifestyle and his recollections of the day the accident occurred.[8] Mr. Martin stated that at the time, his mother had been generally self-sufficient and was a competent driver. Mr. Martin testified that, after he was notified of the accident, he went to the scene where he was approached by defendant, who said

---

authenticity, the document would still be inadmissible as hearsay and did not qualify as an exception to the hearsay rule.

[8] It was undisputed that Mr. Martin had not actually been present to witness the accident, but had appeared at the scene shortly after the collision.

"that he [defendant] was very sorry and that he hoped that [Mrs. Martin] wouldn't die, would be all right."

After plaintiff rested, both parties moved for judgments as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure.[9] The trial justice denied defendant's motion because "a reasonable jury could conclude Mr. Coyne was negligent in failure to keep a proper lookout."[10]

After defendant rested, the trial justice then instructed the jury. After brief deliberations, the jury returned with a verdict for defendant. Judgment was entered for defendant on March 5, 2012.

On March 13, 2012, plaintiff filed a renewed motion for judgment as a matter of law or, in the alternative, a motion for a new trial and/or additur. The motion came before the Superior Court for hearing on May 25, 2012. The plaintiff argued that the jury had incorrectly applied the jury instructions, specifically by failing to apply the law of comparative negligence. The trial justice found that "Mr. Coyne was a credible witness," and said that he "[did] not disagree with the jury's verdict in this particular matter." Accordingly, the trial justice denied the motions for judgment as a matter of law and for a new trial.

The order denying the motions was entered on May 25, 2012. The plaintiff filed a timely notice of appeal to this Court.

---

[9] Rule 50(a)(1) of the Superior Court Rules of Civil Procedure permits the trial court to grant a motion for judgment as a matter of law after a party has been fully heard on an issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on that issue * * *."

[10] The trial justice also denied plaintiff's motion because defendant had not been fully heard.

## II

### Issues on Appeal

On appeal, plaintiff argues, first, that the trial justice erred in granting defendant's motion in limine to exclude the document entitled "Notice of Injury—Proof of Loss" from being submitted as evidence.[11] Specifically, plaintiff asserts that the document should have been admitted as an exception to the hearsay rule, citing Rules 803(6), 803(24), 804(b)(5),[12] 804(b)(2),[13] and 804(c)[14] of the Rules of Evidence. The plaintiff also argues that the trial justice erred in denying the motion for judgment as a matter of law or, in the alternative, for a new trial because the jury verdict was inconsistent with the evidence. The plaintiff maintains that the evidence established that defendant failed to exercise a reasonable degree of care in approaching the intersection and had operated his vehicle at a speed greater than the twenty-five mile per hour speed limit.

---

[11] The plaintiff also takes exception to defendant's filing the motion in limine only on the morning of the trial, denying him an opportunity to prepare his response.

[12] Rule 804(b)(5) is a catchall exception to the hearsay rule for statements made by unavailable declarants, permitting such statements to be admitted if they have "circumstantial guarantees of trustworthiness."

[13] Rule 804(b)(2) concerns statements made "while believing that his or her death was imminent, concerning the cause or circumstances of what the declarant believed to be his or her impending death."

[14] Rule 804(c) permits admission into evidence of hearsay statements made by a deceased declarant "if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

# III

## Analysis

### A

### Motion to Exclude Document Entitled "Notice of Injury—Proof of Loss"

It is well established that "[w]hen reviewing the grant or denial of a motion in limine, this Court will consider only whether the challenged evidence was proper and admissible and, if not, whether there was sufficient prejudice to constitute reversible error." State v. Viveiros, 45 A.3d 1232, 1242-43 (R.I. 2012) (quoting State v. Scanlon, 982 A.2d 1268, 1274 (R.I. 2009)). Generally, the admissibility of evidence "is within the sound discretion of the trial justice," and we will not disturb a trial justice's decision "absent a showing of abuse of this discretion." Fravala v. City of Cranston, 996 A.2d 696, 703 (R.I. 2010) (quoting Perrotti v. Gonicberg, 877 A.2d 631, 642 (R.I. 2005)). Whether evidence falls within an exception to the hearsay rule is a question that is addressed to the sound discretion of the trial justice. Rhode Island Managed Eye Care, Inc. v. Blue Cross & Blue Shield of Rhode Island, 996 A.2d 684, 692 (R.I. 2010). Accordingly, this Court will not disturb a ruling in that respect unless it is clearly erroneous. Medeiros v. Rhode Island Public Transit Authority, 712 A.2d 869, 871 (R.I. 1998).

We begin by noting that plaintiff's appeal of the trial justice's decision on the motion in limine may not have been properly preserved for review by this Court. The trial justice stated that he was "rul[ing] preliminarily that the objection of the defendant is sustained on the grounds that the statement sought to be presented by the plaintiff * * * is hearsay [] [t]hat does not fall within any exception to the hearsay rule." We have often reiterated the well-established rule that "[a] ruling on a motion in limine, unless unequivocally definitive, will not alone suffice to preserve an evidentiary issue for appellate review; a proper objection on the record at the trial

itself is necessary." State v. Andujar, 899 A.2d 1209, 1222 (R.I. 2006). Here, the record from the trial does not reflect that plaintiff objected to the trial justice's decision. We note, however, that the trial justice had previously expressed his reservations concerning the admissibility of the "Notice of Injury—Proof of Loss" document on the grounds that defendant would not be able to "cross-examine the declarant, meaning [Mrs.] Martin, as to what it is she wrote about the circumstances of this accident." Moreover, the motion in limine and the trial justice's decision were made on the very day the trial was scheduled to commence. Under the circumstances, plaintiff may well have been reluctant to "attempt to admit [the document] at trial in contravention of the trial justice's clear order." Id. Therefore, this Court will address the merits of plaintiff's contention that the trial justice committed reversible error in granting defendant's motion in limine to exclude the "Notice of Injury—Proof of Loss" document as inadmissible hearsay.

Specifically, plaintiff argues that the document should have been admitted under the exceptions to the hearsay rule contained in Rules 803(6), 803(24), 804(b)(5), 804(b)(2), and 804(c). Before delving into the merits of plaintiff's argument, however, this Court must address the issue of waiver raised by defendant. "[A]ccording to our well-settled 'raise or waive' rule, issues that were not preserved by a specific objection at trial, sufficiently focused so as to call the trial justice's attention to the basis for said objection, may not be considered on appeal * * * despite their articulation at the appellate level." Greensleeves, Inc. v. Smiley, 68 A.3d 425, 439 (R.I. 2013) (quoting State v. Hallenbeck, 878 A.2d 992, 1018 (R.I. 2005)). At trial, plaintiff expressly limited his argument to Rules 803(6) and 803(24). Accordingly, plaintiff's arguments concerning Rules 804(b)(2), 804(b)(5), and 804(c) are waived and will not be addressed on appeal.

The main thrust of plaintiff's argument is that the document is admissible under the business-records exception of Rule 803(6). This Court has set forth a four-part test for the admissibility of a hearsay business record:

> "First, the record must be regularly maintained in the course of a regularly conducted business activity. Second, the source of the information must be a person with knowledge. Third, the information must be recorded contemporaneously with the event or occurrence, and fourth, the party introducing the record must provide adequate foundation testimony." Rhode Island Managed Eye Care, Inc., 996 A.2d at 691 (quoting Fondedile, S.A. v. C.E. Maguire, Inc., 610 A.2d 87, 93-94 (R.I. 1992)).

Moreover, "[i]n order '[t]o provide [an] adequate foundation a party must prove the first three requirements and authenticate the document or record.'" Id. (quoting Fondedile, S.A., 610 A.2d at 94). Here, there is no dispute that plaintiff did not bring in a representative from Allstate to either authenticate the document or establish the other necessary elements of Rule 803(6). The plaintiff argues that he was not given the opportunity to do so because the motion in limine was not filed until the morning of trial. We find this argument to be unpersuasive. The defendant stated at oral argument—and plaintiff did not dispute—that the document was produced during the course of an earlier arbitration, thus giving plaintiff more than enough time to obtain a representative from Allstate before the start of trial. We see no reason for plaintiff's failure to foresee the need to bring in a representative from Allstate in light of the document's admitted importance to plaintiff's case at trial and the well-established requirements of Rule 803(6). The testimony of an Allstate representative was needed not only to establish authenticity but also the other elements of Rule 803(6). Without testimony from Allstate to establish that the document was, in fact, regularly kept in the course of Allstate's business and recorded contemporaneously with the collision, we agree with the trial justice that there was not sufficient evidence that the document was reliable so as to qualify as a business record. Absent this necessary testimony, we

cannot find that the document clearly falls within the purview of Rule 803(6).  Accordingly, we hold that the trial justice did not abuse his discretion in granting defendant's motion in limine to exclude the document.

Finally, this Court will briefly turn to plaintiff's argument that the document may also be admissible under the so-called "catchall" exception to the hearsay rule contained in Rule 803(24).  We find this argument to be unpersuasive.  We have made it clear that the catchall exception "is 'meant to be reserved for exceptional cases' and is 'not intended to confer a broad license on trial judges to admit hearsay statements that do not fall within one of the other exceptions * * *.'"  In re Steven D., 23 A.3d 1138, 1165 (R.I. 2011) (quoting Conoco Inc. v. Department of Energy, 99 F.3d 387, 392 (Fed. Cir. 1996)).  Moreover, "this exception is 'not to be used as a device * * * to prove material facts through * * * unsworn statements as a substitute for * * * testimony * * *.'"  State v. Harnois, 638 A.2d 532, 535 (R.I. 1994) (quoting State v. Germano, 559 A.2d 1031, 1037 (R.I. 1989)).  We do not find that the instant matter constitutes the sort of exceptional circumstance that would justify application of the catchall exception.

Accordingly, we agree with the trial justice's decision that the "Notice of Injury—Proof of Loss" document was inadmissible hearsay and will not disturb his decision on appeal.

**B**

**Motion for Judgment as Matter of Law and/or For a New Trial**

"This Court reviews 'a trial justice's decision on a motion for judgment as a matter of law de novo.'"  Bossian v. Anderson, 69 A.3d 869, 876 (R.I. 2013) (quoting Lett v. Giuliano, 35 A.3d 870, 874-75 (R.I. 2012)).  "[W]e 'examine the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and

draw from the record all reasonable inferences that support the position of the nonmoving party.'" Id. (quoting Dawkins v. Siwicki, 22 A.3d 1142, 1156 (R.I. 2011)).

With regard to the motion for a new trial, it is well settled that our review of a trial justice's decision is deferential. State v. Covington, 69 A.3d 855, 863 (R.I. 2013).

> "[W]hen ruling on a motion for a new trial [in a civil case tried to a jury], the trial justice acts as a superjuror and should review the evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses." Bonn v. Pepin, 11 A.3d 76, 78 (R.I. 2011) (quoting Connor v. Schlemmer, 996 A.2d 98, 114 (R.I. 2010)).

Specifically, the trial justice "undertakes his or her independent appraisal of the evidence in the light of his [or her] charge to the jury" and "may set aside a verdict when [his or her] judgment tells [him or her] that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence." Connor, 996 A.2d at 114-15 (quoting Kurczy v. St. Joseph Veterans Association, Inc., 713 A.2d 766, 770 (R.I. 1998) and Murray v. Bromley, 945 A.2d 330, 333 (R.I. 2008)). "If, after conducting this analysis, 'the trial justice concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, she [or he] should not disturb the jury's decision.'" Accetta v. Provencal, 962 A.2d 56, 62 (R.I. 2009) (quoting Skene v. Beland, 824 A.2d 489, 493 (R.I. 2003)).

On appeal, plaintiff argues that the trial justice erred in denying his motion for a judgment as a matter of law or, in the alternative, for a new trial because the jury's verdict was inconsistent with the evidence and failed to do substantial justice to the parties. Specifically, plaintiff contends that the evidence established that defendant had failed to exercise reasonable care because he had been driving above the speed limit and had not exercised reasonable care in

approaching the intersection. Finally, plaintiff asserts that the jury failed to properly apply the law of comparative negligence.

We find plaintiff's arguments to be without merit. In deciding the motion for a new trial, the trial justice summarized the evidence at trial and determined that defendant "was a credible witness" and that he "did not exaggerate, [or] overly embellish his testimony." The trial justice determined that it was a "reasonable inference" that Mrs. Martin had "entered the intersection in disobedience of the red light, [and] that it was her negligence in not heeding the red signal light, * * * which was the proximate cause of the accident." The trial justice also summarized the jury instructions as to the issue of proximate cause. The trial justice concluded that "this [c]ourt cannot and does not disagree with the jury's verdict in this particular matter."

This Court finds no error in the trial justice's decision. The trial justice properly weighed the evidence and assessed the credibility of the witnesses. We find that the trial justice adequately articulated his reasoning in denying the motion for a new trial. Having determined that he agreed with the jury's verdict, the trial justice was correct in denying the motion for a new trial.

Finally, this Court notes that the standard for granting a motion for judgment as a matter of law is a higher standard for the moving party to meet than that for granting a motion for a new trial. Cf. Manley v. AmBase Corp., 337 F.3d 237, 244-45 (2d Cir. 2003) (stating that the standard for granting a new trial under Rule 59 of the Federal Rules of Civil Procedure is less stringent than that for a motion for judgment as a matter of law under Rule 50 because the trial justice "need not view [the evidence] in the light most favorable to the verdict winner"); 12 Moore's Federal Practice, § 59.05[5] at 59-18 n.29 (3d ed. 2013) (stating that a less stringent standard applies to motions for a new trial than to motions for judgment as a matter of law).

Once the trial justice had concluded, upon an independent review of the evidence, that the evidence supported the jury's verdict, he was perforce required to conclude that plaintiff's motion for a judgment as a matter of law must also fail.

Accordingly, we will not disturb the trial justice's decision denying the motion for judgment as a matter of law or for a new trial.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the record in this case.



**TITLE OF CASE:**        Dennis Martin, in his capacity as Executor of the Estate of Camella L. Martin v. Michael Lawrence, alias; et al.

**CASE NO:**        No. 2012-297-Appeal.
(PC 07-1258)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  December 5, 2013

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Edward C. Clifton

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Ronald J. Resmini, Esq.

For Defendant:  Mark W. Hickey, Esq.