June 5, 2017

**Supreme Court**

No. 2016-211-Appeal.
(KC 12-583)

Geraldine Mills　　　　　　　　:

v.　　　　　　　　　:

Nathan Reichle.　　　　　　　:


**O R D E R**


In this personal injury case, the plaintiff, Geraldine Mills, appeals from the Superior Court's denial of her post-trial motion, following a jury verdict in her favor, in which she requested a new trial or, in the alternative, an additur. This case came before the Supreme Court for oral argument on May 3, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

On May 30, 2012, plaintiff filed a complaint in Kent County Superior Court alleging that, on October 19, 2009, defendant "negligently operated" his motor vehicle by striking a shopping cart which then "struck" plaintiff. The plaintiff alleged that, as a result, she sustained bodily injury and emotional distress, as well as incurring substantial medical bills. A jury trial was subsequently conducted over three days in October of 2015. The jury returned a verdict in plaintiff's favor in the amount of $6,500 exclusive of interest.

On appeal, plaintiff advances numerous contentions with respect to errors which she asserts were committed by the trial justice. However, the real nub of her appeal is her contention that the trial justice erred in denying her motion for a new trial.

Our review of a trial justice's decision on a motion for a new trial is deferential. Martin v. Lawrence, 79 A.3d 1275, 1283 (R.I. 2013). In ruling on a motion for a new trial, the trial justice sits "as a superjuror and should review the evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses." Bonn v. Pepin, 11 A.3d 76, 78 (R.I. 2011) (internal quotation marks omitted). The trial justice "undertakes his or her independent appraisal of the evidence in the light of his [or her] charge to the jury and may set aside a verdict when [his or her] judgment tells [him or her] that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence." Martin, 79 A.3d at 1283 (internal quotation marks omitted). After conducting that analysis, if "the trial justice concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, she [or he] should not disturb the jury's decision." Id. (internal quotation marks omitted).

In the instant case, the trial justice engaged in a thorough review of the evidence, detailing the testimony of the majority of the witnesses at trial and referencing the medical records that were properly entered as exhibits. He then proceeded to review the instruction he gave to the jury with respect to expert witness testimony. After reviewing the evidence and the jury instruction, the trial justice found the testimony of the eyewitness to the accident to be credible. Ultimately, he came to the following conclusion:

> "It's clear that the jury didn't believe that any of the treatment that this Plaintiff had beyond the treatment for the first month or so following this accident was necessitated by her run-in with the grocery cart. And frankly, I can't fault the jury for so

finding. I wholeheartedly agreed with their findings, matter of fact. Honestly I had difficulty believing a lot of what Miss Mills said; * * * my skepticism about her credibility relates also to her version of how the accident happened * * *."

The trial justice then proceeded to deny plaintiff's motion. It is clear to us that the trial justice followed the appropriate procedure in denying plaintiff's motion for a new trial. Thus, we do not perceive any error in that denial.

We have carefully read plaintiff's statement and supplemental statement, both filed pursuant to Article I, Rule 12(A) of the Supreme Court Rules of Appellate Procedure, and we have considered all of the contentions contained therein. To the extent that plaintiff makes additional contentions beyond the argument that the trial justice erred in denying her motion for a new trial, those contentions are without merit.

In conclusion, after careful consideration of the plaintiff's contentions on appeal and a thorough perusal of the record in this case, it is our judgment that the trial justice did not commit reversible error in the instant case.

Accordingly, the Superior Court's judgment is affirmed. The record may be returned to that tribunal.


Entered as an Order of this Court, this *5th* day of *June, 2017.*

By Order,


_____/s/_____
Clerk

- 3 -

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Geraldine Mills v. Nathan Reichle. | |
| **Case Number** | No. 2016-211-Appeal. <br> (KC 12-583) | |
| **Date Order Filed** | June 5, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Geraldine Mills,  Pro Se | |
| | For Defendant: <br><br> Steven DiLibero, Jr., Esq. | |