June 28, 2021

**Supreme Court**

No. 2020-48-Appeal.
(PC 13-5786)

Angela Dextraze et al.          :

v.                              :

Timothy Bernard et al.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or     Email  opinionanalyst@courts.ri.gov,  of  any typographical or other formal errors in order that corrections may be made before the opinion is published.

Angela Dextraze et al. :

v. :

Timothy Bernard et al. :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** This case arises from an assault by one student on another in the hallway of Ponaganset High School (the high school). The defendant, Foster-Glocester Regional School District (the school district or defendant), appeals from the Superior Court's denial of its motions for judgment as a matter of law and for a new trial and from the resulting judgment in favor of the plaintiffs. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

- 1 -

## Facts and Procedural History

The plaintiffs, Corey Dextraze and his parents Angela Dextraze and Mark Dextraze (collectively plaintiffs), filed suit against defendants Timothy Bernard and his parents in November 2013, after Mr. Bernard assaulted Mr. Dextraze at the high school without provocation. All three Bernards were defaulted in December 2014.[1] Thereafter, plaintiffs filed an amended complaint naming the school district as a defendant. The plaintiffs alleged that the school district was responsible for educating high school students from Foster and Glocester and, therefore, owed a duty to Mr. Dextraze, as a student, to "provide him with a school which was safe and secure, was conducive to learning, and which was free from the threat, actual or implied, of physical harm from disruptive students[,]" and that the school district failed to do so. The plaintiffs further alleged that the school district knew or reasonably should have known that Mr. Bernard's conduct "substantially impeded the ability of other students to learn and * * * posed [a] threat of * * * physical harm to fellow students[.]"[2]

---

[1] For ease of reference, because the defendant student and his father share the same first and last name, we refer to the defendant student as Mr. Bernard. Mr. Bernard's parents, Timothy Bernard and Jennifer Bernard, were dismissed from the suit prior to the start of trial, and a stipulation was later entered to that effect. Final judgments were also entered against Mr. Bernard and in favor of plaintiffs. The school district is the only party that has appealed.

[2] As plaintiffs made clear during arguments before the trial justice, they contended that the high school, and therefore the school district, acted negligently.

A four-day jury trial commenced on September 24, 2019; plaintiffs' first witness was Lisa Odom-Villella, the assistant superintendent of the school district. Ms. Odom-Villella testified that the high school employed a progressive discipline policy and that special services were available for students, such as referral to a guidance counselor, social worker, or school psychologist. She testified that teachers are primarily responsible for controlling students, according to the high school handbook, and that teachers are expected to be "visible" in the hallway during class changes. She explained that the handbook also prohibits students from using profanity, shouting, and engaging in destructive behavior.

During her testimony, Ms. Odom-Villella reviewed many complaints filed against Mr. Bernard, beginning with a teacher complaint filed in October 2010, approximately one month after Mr. Bernard began high school. Despite numerous instances of misbehavior, including conduct that violated the high school's sexual harassment and anti-bullying policies, Mr. Bernard received no progressive punishment beyond detention until January 2011, when he was suspended. Nor did the high school refer him to a guidance counselor, social worker, or school psychologist. Ms. Odom-Villella admitted that Mr. Bernard was exhibiting significant behavioral problems, including involvement in a prior fight in April 2011, but that no behavioral plan was developed for him. Ms. Odom-Villella testified that a teacher assistant could be assigned to supervise a student for a whole

day, but, according to her, nothing in Mr. Bernard's disciplinary records would have required this. Importantly, she also admitted that Mr. Bernard's behavioral issues persisted during the 2011-2012 school year. She acknowledged that, in November 2011, Mr. Bernard pushed another student in the hallway and received a three-day suspension.

Two months later, on January 18, 2012, Mr. Bernard assaulted Mr. Dextraze in the hallway, breaking Mr. Dextraze's jaw in two places and dislocating his teeth. After this incident, the high school finally referred Mr. Bernard to support services in the form of a school psychologist.

Mr. Dextraze testified that on the day of the assault, as he walked down the hallway after lunch, Mr. Bernard and two or three other people were walking behind him and yelling "swears." Mr. Dextraze testified that he told the boys at least ten times to "leave me alone." He passed five or six classrooms in the hallway while this occurred and did not see any teachers, nor did any teachers intervene.[3]

Mr. Dextraze stopped in a classroom to get a water bottle, and when he went back into the hallway, Mr. Bernard punched him. Mr. Dextraze testified, "[I]t felt like somebody had taken a chair from one of the classrooms and just swung and hit me on the side of the face with it." As a result, he fell and hit his head on the lockers

---

[3] Mr. Dextraze later testified that he "possibly" saw teachers in the hallway while Mr. Bernard was yelling at him.

in the hallway. He was dazed but stood up, and Mr. Bernard then hit him again on the front of the mouth. The teacher who was in the classroom that Mr. Dextraze had exited came into the hallway and told everyone to get to class. Mr. Dextraze told the teacher that Mr. Bernard had hit him, and the teacher only reiterated that they needed to get to class.

Mr. Dextraze testified that he then went to his math class, and his math teacher noticed that he was bleeding from his mouth and from the back of his head. In response, she sent a student to get paper towels and then had that same student walk Mr. Dextraze to the nurse's office. Mr. Dextraze testified, "I was really shooken up. * * * I was in pain, and I was confused really." He further testified that his front teeth felt loose, and he avoided talking or moving his mouth at all because of the pain.

Mr. Dextraze left school to seek medical attention. The following day, he consulted an oral surgeon who wired his jaw closed and placed four screws in his mouth. Soon after the surgery, while his jaw was wired closed, the high school held the football banquet for his team; Mr. Dextraze attended, but he was unable to eat anything or talk with anyone.

Mr. Dextraze explained that he missed over two weeks of school, including midterms, because of surgery and follow-up appointments. He testified that the

police never reached out to him, no teachers discussed with him how they would keep him safe from Mr. Bernard, and his grades suffered.

Mr. Dextraze's mother testified about caring for Mr. Dextraze in the aftermath of the assault. She described the impact on the whole family, and particularly on her son, who seemed withdrawn and frustrated during the six weeks he was unable to talk with his jaw wired closed. Furthermore, she testified that the high school neither reached out to see if Mr. Dextraze needed counseling or tutoring nor discussed how they could keep him safe, nor did his teachers respond to her emails regarding her son's schoolwork.

At the close of plaintiffs' case, the school district moved for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. The school district argued that it could not be held civilly liable for the assault because G.L. 1956 § 16-2-17, which provides that a school must provide a safe environment for its students, does not provide for civil liability and, therefore, cannot be a source of duty in a negligence claim. The school district further argued that expert testimony was required to show that it had deviated from the standard of care.

The plaintiffs countered that the school district had waived its argument pursuant to § 16-2-17 and, alternatively, that liability could attach because the high school had a common-law duty to supervise its students. Furthermore, plaintiffs contended that the high school's handbook established the duties the school owed to

students, including developing a behavioral plan or scheduling a disciplinary hearing. The plaintiffs also maintained that no expert testimony was needed under this Court's caselaw.

The trial justice determined that § 16-2-17 did not confer a private right of action but, nevertheless, that there was a duty to "provide adequate supervision to the students" under this Court's holding in *Daniels v. Fluette*, 64 A.3d 302 (R.I. 2013). The trial justice therefore denied the school district's motion for judgment as a matter of law and found that there was sufficient evidence in the record of Mr. Bernard's "behavioral issues" such that the case could be submitted to a jury without expert testimony.

The school district rested without calling witnesses and renewed its motion for judgment as a matter of law based on the same arguments it had previously presented. The trial justice did not alter her previous ruling, and the case went to the jury.[4]

The jury found that the school district was negligent and that such negligence was a proximate cause of all three of the Dextrazes' injuries. The jury awarded $70,000 to Mr. Dextraze and $5,000 to his parents for their separate pain and suffering.

_____

[4] The trial justice instructed the jury that "schools are under a duty to adequately supervise the students in their care, and they may be held liable for foreseeable acts proximately related to the absence of adequate supervision."

- 7 -

After the jury returned its verdict, defendant renewed its motion for judgment as a matter of law and moved for a new trial. The trial justice again denied the motion for judgment as a matter of law and stated that, in this case, deviation from the standard of care and proximate cause were not outside of the "purview of an average juror[.]"

In support of its motion for a new trial, the school district reiterated its argument that expert testimony was required to determine how it had breached the standard of care. The school district contended that plaintiffs presented no evidence on the issue of causation, and, because plaintiffs also failed to allege a specific act of negligence, a causation determination was actually impossible.

The plaintiffs objected, arguing that Mr. Bernard's disciplinary records demonstrated that the high school was aware of his "poor conduct" yet failed to supervise him properly or intervene while Mr. Bernard "harassed" Mr. Dextraze in the hallway prior to the assault. According to plaintiffs, "[t]he jury could thus reasonably infer * * * that the defendant failed to adequately supervise Mr. Bernard * * * and that its failure to supervise * * * constituted a proximate cause of the assault."

The trial justice issued a bench decision denying defendant's motion for a new trial; however, she first reviewed some of Mr. Bernard's high school incidents, including a fight in April 2011, and an incident where Mr. Bernard pushed another

student in November 2011. The trial justice found that Mr. Bernard had engaged in multiple incidents that showed his aggressive and assaultive behavior toward other students, which put the high school on notice that he might engage in conduct that was dangerous to others and that he required supervision by the high school, but that "very little was done by way of supervision." The trial justice determined that there was sufficient evidence of proximate cause—in light of Mr. Bernard's "known history of aggressive behavior" and lack of school supervision—such that she would not overturn the jury's verdict. Judgment entered in favor of plaintiffs on October 24, 2019, and the school district timely appealed.

Before this Court, the school district argues that the trial justice erred by denying its motions for judgment as a matter of law or, in the alternative, its motion for a new trial, for two primary reasons. First, defendant contends that plaintiffs offered no evidence (expert or otherwise) to establish the standard of care. Second, defendant contends that plaintiffs failed to establish proximate causation between defendant's actions (or failure to act) and plaintiffs' injuries.

**Motions for Judgment as a Matter of Law and a New Trial**

This Court has stated that its "review of a trial justice's decision on a motion for judgment as a matter of law is *de novo*." *Rhode Island Resource Recovery Corporation v. Restivo Monacelli LLP*, 189 A.3d 539, 545 (R.I. 2018) (quoting *Giron v. Bailey*, 985 A.2d 1003, 1007 (R.I. 2009)). The Court examines "the

evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses" and will "draw from the record all reasonable inferences that support the position of the nonmoving party." *Id.* at 545-46 (quoting *Filippi v. Filippi*, 818 A.2d 608, 617 (R.I. 2003)).

It is equally well settled that this Court's "review of a trial justice's decision on a motion for a new trial is deferential." *Letizio v. Ritacco*, 204 A.3d 597, 602 (R.I. 2019) (quoting *Kemp v. PJC of Rhode Island, Inc.*, 184 A.3d 712, 719 (R.I. 2018)). "In considering a motion for a new trial, the trial justice sits as a super juror and is required to make an independent appraisal of the evidence in light of his or her charge to the jury." *Id.* (quoting *Kemp*, 184 A.3d at 719). "If, after conducting this analysis, the trial justice concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, she or he should not disturb the jury's decision." *Id.* (quoting *Kemp*, 184 A.3d at 719). "If the trial justice has performed this task, then his or her decision will not be disturbed unless the plaintiff can show that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Id.* (quoting *Kemp*, 184 A.3d at 719).

"[T]o prevail on a claim of negligence a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Daniels*, 64 A.3d at 304-05 (quoting *Habershaw v. Michaels Stores, Inc.*,

42 A.3d 1273, 1276 (R.I. 2012)).  In this case, the trial justice determined that the school district had a duty to adequately supervise the students in its care.  Neither party has challenged that ruling.

The school district argues that plaintiffs cannot prevail on their claims because, it asserts, plaintiffs have failed to provide evidence of breach, *i.e.*, the standard of care and deviation from that standard.  More specifically, the school district maintains that our decision in *Medeiros v. Sitrin*, 984 A.2d 620 (R.I. 2009), compels the presentation of expert testimony because, according to the school district, "the school setting is beyond the typical knowledge of [a] common juror."  We disagree.

Although it is true that a plaintiff in a negligence action must establish a standard of care and a deviation from that standard, not every action sounding in negligence requires expert testimony. *See Almonte v. Kurl*, 46 A.3d 1, 17 (R.I. 2012) ("It is a general rule that * * * 'a plaintiff must establish a standard of care as well as a deviation from that standard.'") (quoting *Malinou v. Miriam Hospital*, 24 A.3d 497, 509 (R.I. 2011)).  In fact, in a case decided after *Medeiros*, we held, in the context of the school setting, that "a plaintiff seeking to hold a school liable for injuries resulting from the acts of another student must show that such acts could have been reasonably foreseen by the school." *Daniels*, 64 A.3d at 307.  Although we do not expect schools to be insurers of students' safety, we do require schools to

exercise a degree of care that includes protecting students from reasonably foreseeable harm.[5] *See id.*

The plaintiffs' burden in this case was to establish that the school district breached its duty to adequately supervise the students in its care. The plaintiffs presented compelling evidence that the school district failed to exercise the degree of care required to protect its students in circumstances where a known disruptive and aggressive student presented a reasonably foreseeable harm to other students. Given the evidence of Mr. Bernard's lengthy disciplinary history, including a fight with a student in 2011, and an assault in the high school hallway two months before the assault on Mr. Dextraze, Mr. Bernard's assault on Mr. Dextraze was reasonably, even abundantly, foreseeable.

Moreover, plaintiffs presented documentary evidence and testimony to show that the school district designated teachers as the primary supervisors of students. Ms. Odom-Villella testified that teachers were expected to be visible in the hallways or in the door to their classrooms during class changes. The plaintiffs established

---

[5] Although not pertinent to the outcome of this appeal, we pause to note that the way in which the high school handled the aftermath of this situation is as egregious as its handling of the assault. According to the testimony presented, the first teacher to see Mr. Dextraze after the assault sent him to his next class, where that classroom teacher sent a student to get paper towels for Mr. Dextraze because he was bleeding. Moreover, the testimony showed that the high school did not work with the Dextraze family to ensure Mr. Dextraze's safety after the assault or help him with the schoolwork that he missed because of the assault and the resulting medical treatment and recovery.

that the handbook prohibits students from shouting or using profanities. Despite these expectations, and in light of Mr. Bernard's progressively more serious disciplinary problems—of which the high school was well aware—the high school did *nothing* to supervise Mr. Bernard or to supervise the hallway as he followed Mr. Dextraze and yelled profanities before the assault occurred. The need for the high school to act in this situation is a matter of common sense, and its failure to do so was within the ken of a layperson. *See Almonte*, 46 A.3d at 18 ("[E]xpert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge.") (quoting *Mills v. State Sales, Inc.*, 824 A.2d 461, 468 (R.I. 2003)).

The evidence presented in this case differs from *Medeiros*, where the defendant teacher provided uncontradicted testimony about his classroom practices, and where the plaintiff student failed to present evidence of a specific act or omission by the defendant teacher, or "to suggest that [the defendant teacher] knew or should have known that the three students [who assaulted the plaintiff student] were in the [adjacent] laboratory at that particular moment." *Medeiros*, 984 A.2d at 627. We therefore conclude that where, as here, there is evidence that the school district exercised *no* degree of care in the face of a known, foreseeable danger, no expert testimony is required.

- 13 -

Finally, proximate cause is a matter most usually left to the jury, so long as plaintiffs have presented sufficient facts to support their negligence claim. *See, e.g.*, *Gianquitti v. Atwood Medical Associates, Ltd.*, 973 A.2d 580, 593 (R.I. 2009). As we have indicated, the record demonstrates that plaintiffs presented sufficient facts upon which a jury could find that the school district's failure to act was a substantial cause of plaintiffs' injuries. Thus, the jury's verdict will not be disturbed.

This Court has previously noted "that the standard for granting a motion for judgment as a matter of law is a higher standard for the moving party to meet than that for granting a motion for a new trial." *Martin v. Lawrence*, 79 A.3d 1275, 1284 (R.I. 2013). "Once the trial justice had concluded, upon an independent review of the evidence, that the evidence supported the jury's verdict, [s]he was perforce required to conclude that [the defendant's] motion for a judgment as a matter of law must also fail." *Id.* It is clear that the trial justice engaged in the proper analysis when evaluating the defendant's motion for a new trial. Accordingly, we will not disturb the trial justice's decisions denying the school district's motion for judgment as a matter of law and motion for a new trial.

### Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court and remand the record in this case to the Superior Court.

- 14 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Angela Dextraze et al. v. Timothy Bernard et al. |
| **Case Number** | No. 2020-48-Appeal.<br>(PC 13-5786) |
| **Date Opinion Filed** | June 28, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Lisa M. DeMari, Esq.<br>William M. Heffernan, Esq. |
| | For Defendant:<br><br>Ryan D. Stys, Esq. |

SU-CMS-02A (revised June 2020)